UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>      Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>      Defendants. | Civil Action No. 03-cv-12423-RWZ |

## ANSWER TO COMPLAINT

Defendants, Ralph Busby, John Butler, Marv Todd, Patti Skiles, and Computer Sciences Corporation, hereby respond to Plaintiff's Complaint as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint regarding Plaintiff's residence and citizenship, but admit she is an African American woman. Admit that Plaintiff was employed by Computer Sciences Corporation ("CSC") as a Senior Member of Technical Staff and that CSC does business in Middlesex County, Cambridge, Massachusetts.

2. Admit the allegations in paragraph 2 of the Complaint.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Admit the allegations in paragraph 4 of the Complaint.

5. Admit the allegations in paragraph 5 of the Complaint.

6. Admit the allegations in paragraph 6 of the Complaint.

## JURISDICTION

7. Make no response to the allegations in paragraph 7 of the Complaint as it calls for a conclusion of law.

## FACTS

8. Admit that Plaintiff worked for Unisys to perform services on the Volpe National Transportation Systems Center contract between January 1997 and November 1997. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8 of the Complaint. Admit the allegations in the third and fourth sentences in paragraph 8 of the Complaint.

9. Admit that CSC, with a team of partner companies, assumed the Volpe National Transportation Systems Center contract in 1997. Admit that CSC hired Plaintiff on or about November 1, 1997 as a Senior Member of Technical Staff on the Volpe contract and that Plaintiff worked for CSC until February 7, 2002. Admit that Plaintiff's salary increased from $42,016 to $51,496 during the course of her employment with CSC.

10. Admit the first and second sentences of paragraph 10 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 10 of the Complaint.

11. Admit that between 1997 and 2000, on average, four technical writers worked in the Enhanced Traffic Management System ("ETMS") documentation group. Deny the allegations in the second, third, and fourth sentences of paragraph 11 of the Complaint.

12. Admit that Defendant Todd shared an office with Mary Costello but deny that Defendant Todd only communicated with Plaintiff through Mary Costello. Deny the allegations in the second, third, and fourth sentences of paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint and, further responding, state that Mary Costello was not employed by CSC.

14. Admit the allegations in the first sentence of paragraph 14 of the Complaint. Deny the allegations in the second sentence of paragraph 14 of the Complaint.

15. Admit that on or about April 4, 2001, Plaintiff filed a complaint against CSC with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race and color.

16. Deny the allegations in paragraph 16 of the Complaint except admit that the MCAD investigator suggested they have a discussion about Complainant's claim.

17. Admit the allegations in the first sentence of paragraph 17 of the Complaint. Deny the allegations in the second and third sentences of paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the Complaint and deny the remaining allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint except admit that on some dates in 2001, Plaintiff expressed a desire not to relocate.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint, except admit that Mr. Butler and Ms. Skiles met with Plaintiff to persuade her to move with the rest of the group to Five Cambridge Center and finally said her employment would end due to job abandonment if she did not move.

23. Paragraph 23 of the Complaint sets forth conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Defendants make no response to the allegations in paragraph 31 of the Complaint as it calls for conclusions of law.

## ALLEGATIONS

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

## DAMAGES

34. Admit that Plaintiff filed charges with the MCAD and the EEOC on or about April 4, 2001 and that the MCAD and the EEOC issued dismissals. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

Every action taken by Defendants with respect to Plaintiff was taken for a legitimate business purpose and consistent with principles of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Massachusetts General Laws Chapters 151B, §5 and 152, §24.

### EIGHTH AFFIRMATIVE DEFENSE

At all times the individual Defendants acted without malice in good faith furtherance of the employer's interests and accordingly their actions are privileged.

### NINTH AFFIRMATIVE DEFENSE

At all times Defendants made good faith efforts to comply with their obligation under the state and federal employment discrimination statutes.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to properly serve some or all of the Defendants.

WHEREFORE, Defendants respectfully request that:

1. The Court dismiss the Complaint in its entirety;

2. The Court enter judgment for Defendants;

3. The Court award costs to Defendants; and

4.  The Court enter such other relief as may be just and proper.

                          Respectfully submitted,

                          RALPH BUSBY, JOHN BUTLER, MARV TODD, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,

                          By their attorneys,

                          /s/ Joan Ackerstein
                          Joan Ackerstein, BBO # 348220
                          Heather Stepler, BBO # 654269
                          JACKSON LEWIS LLP
                          75 Park Plaza
                          Boston, Massachusetts 02116

Dated: March 22, 2004          (617) 367-0025

## CERTIFICATE OF SERVICE

This is to certify that on March 22, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

                          /s/ Joan Ackerstein
                          Jackson Lewis LLP