UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>　　　　　Defendants. | Civil Action No. 03-cv-12423-RWZ |

## DEFENDANTS' MOTION TO EXTEND THE DISCOVERY DEADLINE

Defendants, Computer Sciences Corporation, Ralph Busby, John Butler, Marv Todd, and Patti Skiles, move to extend the discovery deadline in this case by sixty (60) days, up to and including December 28, 2004. The Affidavit of Heather Stepler is filed herewith in support of this motion. As grounds for this motion, Defendants state as follows:

1.　　This action arises out of Plaintiff's employment with Computer Sciences Corporation ("CSC"). Plaintiff worked for CSC for several years as a technical writer in the Documentation Group until she voluntarily resigned her position in February 2002. Plaintiff's voluntary resignation occurred as a result of her refusal to move along with the rest of the Documentation Group to an office building across the street, which was necessary due to space limitations in the building in which she was then working. In her Complaint, Plaintiff is now calling her voluntary resignation a discharge and alleges that it was based upon her race and color, in violation of M.G.L. c. 151B, §4, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981. Plaintiff also alleges that she was terminated in retaliation for filing a charge with the Massachusetts Commission Against Discrimination.

2. As part of its discovery, on August 11, 2004, Defendant CSC served a notice of deposition for Plaintiff's deposition, which was scheduled for Monday, September 20, 2004. (Stepler Aff., Ex. A) Defendant's counsel contacted Plaintiff via telephone on Friday, September 17, 2004, to confirm her deposition for the following Monday. Plaintiff indicated to Defendants' counsel during that telephone conversation that she would not attend the scheduled deposition. (Stepler Aff., ¶ 3).

3. In an effort to further discovery in this case, on Monday, September 20, 2004, Defendants' counsel sent an email message to Plaintiff regarding her refusal to attend her deposition and asked that she contact Defendants' counsel with a date and a time when she would discuss the case with Defendants' counsel. (Stepler Aff., Ex. B). Defendants' counsel did not receive a response from Plaintiff to the email message. Accordingly, on September 21, 2004, Defendants' counsel sent a letter to Plaintiff regarding her refusal to attend her deposition and asked that she contact Defendants' counsel with a date and a time when she would discuss the case with Defendants' counsel. (Stepler Aff., Ex. C).

4. By September 24, 2004, Defendants' counsel still had not received any communication from Plaintiff. That day, Defendants' counsel called Plaintiff via telephone and left a voicemail message for Plaintiff as a follow-up to the email and letter sent earlier in the week. (Stepler Aff., ¶ 6). Also on September 24, 2004, Defendants' counsel sent an email message to Plaintiff again asking that she contact Defendants' counsel with a date and a time when she would discuss the case with Defendants' counsel. (Stepler Aff., Ex. D).

5. Plaintiff finally responded to Defendants' counsel's efforts to communicate with her on September 26, 2004, in an email message. In that email message, however, Plaintiff indicated that she believed that the case was on hold until she sought legal advice and appeared

2

at the next court conference. (Stepler Aff., Ex. E). Plaintiff did not indicate in her email message that she was willing to speak with Defendants' counsel regarding the case. Defendants' counsel sent a letter to Plaintiff via email and first class mail on October 8, 2004, further explaining counsel's desire to speak with Plaintiff about the case and again requesting that she contact Defendants' counsel with a date and a time when she would discuss the case. (Stepler Aff., Ex. F).

6. Plaintiff has not contacted Defendants' counsel since September 26, 2004, and, to date, Plaintiff has not responded to Defendants' efforts to communicate with her. (Stepler Aff., ¶ 9). The progress of discovery has been halted by Plaintiff's refusal to communicate with counsel for Defendants and by Plaintiff's refusal to appear for her deposition. Defendants should have the opportunity to depose Plaintiff to learn about the basis of her claims of discrimination and retaliation. Defendants would be severely disadvantaged in the defense of this case if they were not given an opportunity to depose Plaintiff.

7. Under the Scheduling Order, discovery is set to close on Friday, October 29, 2004. Defendants request that the discovery deadline be extended for a period of sixty (60) days, up to and including Tuesday, December 28, 2004, in order to engage in further discovery, including taking the deposition of Plaintiff.

### CERTIFICATION OF CONFERENCE – LOCAL RULE 7.1

The undersigned counsel hereby certifies that on October 25, 2004, she conferred with Plaintiff during a telephone conference about the motion for extending the discovery deadline. Plaintiff indicated that she is not prepared to assent to the motion so the parties were unable to narrow the issue.

WHEREFORE Defendants move the court to extend the discovery deadline for a period of sixty (60) days, up to and including Tuesday, December 28, 2004.

Respectfully submitted,

COMPUTER SCIENCES CORPORATION,
RALPH BUSBY, JOHN BUTLER, MARV TODD,
and PATTI SKILES

By their attorneys,

_/s/ Heather Stepler_
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: October 27, 2004

### CERTIFICATE OF SERVICE

This is to certify that on October 27, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

_/s/ Heather Stepler_
Jackson Lewis LLP