UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>Defendants. | Civil Action No. 03-cv-12423-RWZ |

## RESPONSE OF INDIVIDUAL DEFENDANT, PATRICIA L. SKILES, TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Individual Defendant, Patricia L. Skiles ("Defendant"), hereby responds to the First Set of Interrogatories Propounded By Plaintiff To Defendants as follows:

### GENERAL OBJECTIONS AND DEFINITIONS

1. Defendant objects to each interrogatory to the extent it calls for information beyond the scope of discovery required by the Federal Rules of Civil Procedure.

2. Defendant objects to each interrogatory that calls for privileged information protected by the work product doctrine or attorney-client privilege.

3. Defendant objects to each interrogatory insofar as it seeks information which constitutes confidential business information or confidential information.

4. Defendant objects to each interrogatory insofar as it is overly broad and unduly burdensome.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to, and incorporating by reference the foregoing General Objections, Defendant specifically objects and responds to the interrogatories as follows:

### INTERROGATORY NO. 1

State each defendant's name, social security number, date and place of birth, address, marital status (including date of marriage and name of spouse), and names and birth dates of children.

### RESPONSE NO. 1

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, Defendant states that her name is Patricia L. Skiles.

### INTERROGATORY NO. 2

List all residences for each defendant during the past seven (7) years, giving complete addresses and dates resided at each address.

### RESPONSE NO. 2

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 3

Identify all sources of income received by each defendant from January 1, 2000 to present. Specify how much and how often payment is received.

### RESPONSE NO. 3

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 4

Explain in detail the working relationship of CSC and Battelle Memorial Institute (BMI) at the Volpe National Transportation Systems Center in Cambridge, MA. Name all projects on which CSC and BMI collaborate.

## RESPONSE NO. 4

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

## INTERROGATORY NO. 5

How many hours did CSC bill to ETMS in 2000 and 2001? Describe tasks for which hours were billed.

## RESPONSE NO. 5

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

## INTERROGATORY NO. 6

How many hours did BMI bill to ETMS in 2000? Describe tasks for which hours were billed.

**RESPONSE NO. 6**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 7**

In 2000, who was plaintiff's co-worker Mary Costello's employer?

**RESPONSE NO. 7**

Defendant states upon information and belief that Mary Costello was employed by Battelle Memorial Institute during 2000.

**INTERROGATORY NO. 8**

In 2000, who was Mary Costello's day-to-day supervisor?

**RESPONSE NO. 8**

Defendant objects to this interrogatory on the grounds that it is vague. Without waiving her objections, Defendant states that Marvin Todd, a CSC Senior Computer Scientist, gave Ms. Costello day-to-day technical direction on ETMS Documentation Group projects during 2000. Further responding, Defendant states upon information and belief that Steven Hannigan, a Battelle Memorial Institute Senior Manager, was Ms. Costello's administrative supervisor during 2000.

**INTERROGATORY NO. 9**

Did an employment contract exist between Mary Costello and BMI or CSC?

**RESPONSE NO. 9**

Defendant states that whether Ms. Costello had an employment contract with CSC is information in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories. Further responding, Defendant states that she is unaware whether an employment contract exists or existed between Ms. Costello and Battelle Memorial Institute.

**INTERROGATORY NO. 10**

How many hours did Mary Costello charge to ETMS in 2000 and for what tasks were hours charged?

**RESPONSE NO. 10**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 11**

What was Mary Costello's job description for work for CSC?

**RESPONSE NO. 11**

Defendant objects to this interrogatory on the grounds that it is vague. Without waiving her objections, Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 12**

How much was Mary Costello paid in 2000, 2001 and 2002?

**RESPONSE NO. 12**

Defendant objects to this interrogatory on the grounds that it seeks confidential personnel information and is not designed to elicit relevant information or evidence admissible at trial. Without waiving her objections, Defendant states that she is unaware of how much Ms. Costello was paid by Battelle Memorial Institute or other entities in 2000, 2001, and 2002.

**INTERROGATORY NO. 13**

Explain how CSC hired incumbent employees from Unisys in 1998.

**RESPONSE NO. 13**

Defendant objects to this interrogatory on the grounds that it is vague, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objections, Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 14**

Why was Ruth Anthony hired to work for CSC and Mary Costello hired to work for BMI?

**RESPONSE NO. 14**

Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 15**

Before termination, what was Ruth Anthony's title and job description?

**RESPONSE NO. 15**

Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 16**

What happened to the Documentation Manager position that previously existed? When was it advertised? Was it filled; if so, when and by whom?

**RESPONSE NO. 16**

Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 17**

When did the ETMS documentation group relocate? Why or why not?

**RESPONSE NO. 17**

Defendant objects to this interrogatory on the grounds that the second part of the interrogatory is vague. Without waiving her objections, Defendant states that the ETMS Documentation Group relocated to Five Cambridge Center during the week of February 4, 2002. CSC selected the ETMS documentation group to relocate from the U.S. Department of Transportation's Volpe Center to Five Cambridge Center due to space constraints at the Volpe Center.

**INTERROGATORY NO. 18**

What documents support plaintiff's voluntary resignation?

**RESPONSE NO. 18**

Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 19**

How many technical writers were hired on ETMS since February 7, 2002? What are their qualifications? How much are they paid? Do they have government security clearance? Was clearance obtained before or after hire?

**RESPONSE NO. 19**

Defendant states that such information is in the possession, custody or control of her employer, Computer Sciences Corporation. As such, Defendant directs Plaintiff to Response of Defendant, Computer Sciences Corporation, to Plaintiff's First Set of Interrogatories.

Then came Patricia L. Skiles and stated under the pains and penalties of perjury on this 9th day of September, 2004 that the foregoing answers represent the answers of Patricia L. Skiles and are true based upon personal knowledge or true to the best of her information and belief if complied by others.

_____
Patricia L. Skiles

AS TO OBJECTIONS:

Respectfully submitted,

PATRICIA L. SKILES

By her attorneys,

*Heather Stepler*
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: September 10, 2004

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

*Heather Stepler*
Jackson Lewis LLP