UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>        Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>        Defendants. | Civil Action No. 03-cv-12423-RWZ |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES

Defendants, Computer Sciences Corporation, Ralph Busby, John Butler, Marv Todd, and Patti Skiles ("Defendants"), hereby oppose Plaintiff's Motion to Compel Responses. In support of their opposition, Defendants submit the Affidavit of Joan Ackerstein.

Plaintiff's Motion to Compel Responses should be denied for at least four reasons: (1) Plaintiff failed to comply with Local Rule 26.2(C), which requires certification that she has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion; (2) Plaintiff failed to comply with Local Rule 37.1 by failing to set forth the interrogatories and document requests which she believes Defendants have not adequately answered and by failing to set forth a statement of her position as to each contested issue; (3) Defendants served sufficient responses to interrogatories and to document requests; and (4) Defendants produced non-privileged documents in response to Plaintiff's request for documents and notified Plaintiff that they would produce some proprietary and sensitive documents pursuant to a Stipulation of Confidentiality, but Plaintiff has unreasonably refused to sign the proposed Stipulation of Confidentiality.

**Case Background**

This action arises out of Plaintiff's employment with Computer Sciences Corporation ("CSC"). Plaintiff worked for CSC from approximately 1997 as a technical writer in the Documentation Group until she refused to relocate to a building several streets away. In her Complaint, Plaintiff is now calling her refusal to relocate a discharge and alleges that it was based upon her race and color, in violation of M.G.L. c. 151B, §4, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981. Plaintiff also alleges that she was discharged in retaliation for filing a charge with the Massachusetts Commission Against Discrimination.

As part of her discovery, on June 30, 2004, Plaintiff served her first request for documents and her first set of interrogatories upon Defendants via email. (Ackerstein Aff., Exs. A and B) Plaintiff subsequently served her Initial Disclosures upon Defendants on July 8, 2004. (Ackerstein Aff., Ex. C) Defendant CSC served its response to Plaintiff's request for documents, along with responsive documents, and its response to Plaintiff's interrogatories on September 2, 2004. (Ackerstein Aff., Exs. D and E) Along with these discovery responses, CSC sent a letter to Plaintiff stating that some responsive documents would be produced subject to a Stipulation of Confidentiality and that a proposed Stipulation of Confidentiality would follow under separate cover. (Ackerstein Aff., Ex. F).

On September 8, 2004, Defendants' counsel sent a proposed Stipulation of Confidentiality to Plaintiff for her review and signature. (Ackerstein Aff., Ex. G). In the cover letter which accompanied the proposed Stipulation of Confidentiality, Defendants' counsel indicated that Plaintiff should contact opposing counsel if she had any questions regarding the agreement. (Ackerstein Aff., Ex. H). Defendants Busby, Butler, Skiles and Todd served their responses to document requests and to interrogatories on September 10, 2004. (Ackerstein Aff., Exs. I, J, K, L, and M)

Defendants' counsel received an email from Plaintiff on September 13, 2004, in response to their letter of September 2, 2004. (Ackerstein Aff., Ex. N) In her email, Plaintiff indicated her refusal to sign the proposed Stipulation of Confidentiality, stating:

> I do not accept nor agree with your bogus Stipulation of Confidentiality regarding Plaintiff's Request for Production of Documents and First Set of Interrogatories. It is an insult to my intelligence.

(Ackerstein Aff., Ex. N)

In an effort to further discovery in this case, on September 15, 2004, Defendants' counsel sent a letter to Plaintiff regarding her refusal to sign the proposed Stipulation of Confidentiality. (Ackerstein Aff., Ex. O) In the letter, Defendants' counsel explained that CSC proposed the stipulation because some of its responsive documents contain proprietary and sensitive information which is not available to the public. Defendants' counsel also stated in the letter that although CSC was not obligated to propose that the information provided by Plaintiff in her discovery responses be designated confidential, CSC would agree to make the stipulation applicable to the documents already provided by Plaintiff, if she so desired.

Plaintiff did not respond to Defendants' counsel's letter from September 15, 2004 or to Defendants' counsel's requests that she contact Defendants to discuss this case.[1] (Ackerstein Aff., ¶ 9) On September 26, 2004, Plaintiff sent an email to Defendants' counsel, indicating that she did not wish to speak with Defendants' counsel and that she considered the matter on hold until she sought legal advice and appeared at the next scheduled court conference. (Ackerstein Aff., Ex. P) On October 8, 2004, Defendants' counsel responded to Plaintiff's email by sending her a letter, further explaining Defendants' counsel's desire to speak with Plaintiff about the case

---

[1] On Friday, September 17, 2004, Plaintiff also informed Defendants' counsel that she would not appear for her deposition which was scheduled for Monday, September 20, 2004. (Ackerstein Aff., ¶ 10)

3

and pointing out that the Rules of Civil Procedure contemplate that opposing parties will contact each other to discuss discovery disputes. (Ackerstein Aff., Ex. Q)

At the Court's status conference on December 15, 2004, the proposed Stipulation of Confidentiality was discussed. (Ackerstein Aff., ¶ 13) Plaintiff again insisted that she would not sign the stipulation. (Ackerstein Aff., ¶ 13) To date, Plaintiff has not signed the proposed Stipulation of Confidentiality and has not proposed amendments to the Stipulation of Confidentiality which would make the stipulation acceptable to her. (Ackerstein Aff., ¶ 14)

I. **Plaintiff's Motion To Compel Responses Should Be Denied For Failure To Comply With The Requirements of Local Rule 26.2(C).**

As a threshold matter, the Court need not consider Plaintiff's Motion to Compel Responses because Plaintiff did not comply with the requirements for discovery motions set forth in Local Rule 26.2(C). Specifically, Plaintiff has failed to comply with Local Rule 26.2(C) by not providing a certification that she has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.[2]

Although Defendants' counsel has explained to Plaintiff on numerous occasions the reasons why Defendant CSC is seeking a Stipulation of Confidentiality, Plaintiff fails to mention this or her unreasonable refusal to sign the proposed Stipulation of Confidentiality in her motion. Plaintiff also fails to mention that Defendants offered to treat her documents, which she produced without requesting that they be kept confidential, as subject to the Stipulation of Confidentiality. Indeed, Defendants contend that Plaintiff has not made a reasonable or good-faith effort to reach agreement with Defendants' counsel regarding production of the documents

---

[2] Local Rule 26.2(C), entitled Certification of Discovery Motions, provides:

> The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion. In evaluating any discovery motion, the judicial officer may consider the desirability of conducting phased discovery, as contemplated by LR 26.3.

requested by Plaintiff. In contrast, Plaintiff has made clear her refusal to sign the Stipulation of Confidentiality and has refused to discuss how the stipulation could be altered so that she would agree to it.

Because Plaintiff has failed to provide the required certification about her attempts to reach agreement with Defendants' counsel, the Court need not even reach the substance of Plaintiff's motion to compel. Put simply, Plaintiff failed to comply with the Court's rule regarding certification and the Court's requirement that she make a reasonable and good-faith attempt to reach agreement with Defendants' counsel about her discovery issues.

**II.      Plaintiff's Motion To Compel Responses Should Be Denied For Failure To Set Forth The Specific Interrogatories And Requests For Documents To Which She Asserts Defendants Have Not Provided Acceptable Responses And For Failure To Set Forth A Statement Of Her Position For Each Contested Item.**

This Court also need not consider Plaintiff's Motion To Compel Responses because Plaintiff has failed to comply with Local Rule 37.1, which outlines the requirements for discovery motions. Specifically, Plaintiff has not followed the requirements of Local Rule 37.1 by failing to list the interrogatories and document requests to which Defendants have allegedly failed to provide adequate responses. Plaintiff has also failed to set forth a statement of position as to each contested issue with supporting legal authority. Instead, Plaintiff uses only vague language, asserting that Defendants have "failed to serve direct responses or have provided evasive and incomplete responses." Accordingly, Plaintiff's motion does not comply with Local Rule 37.1 and the Court should not consider the motion due to these defects.

**III.     Plaintiff's Motion To Compel Responses Should Be Denied Because Defendants Have Provided Appropriate Responses To Plaintiff's Interrogatories And Request For Documents.**

Even if the Court decides to consider Plaintiff's Motion to Compel, despite its procedural defects, the Court should deny the motion because Defendants have provided sufficient

5

responses to Plaintiff's discovery requests and have appropriately objected to Plaintiff's overly broad and non-relevant interrogatories and document requests.

A central issue in this case is Plaintiff's separation from CSC due to her refusal to move with the Documentation Group from the Volpe Center to a nearby office building. Defendant CSC provided the information requested in Interrogatory Nos. 17 and 18, which seek information about Plaintiff's separation from CSC. For example, Interrogatory No. 17 seeks the date of the Documentation Group's move and the reason why the group moved. In its response, Defendant CSC states that the Documentation Group moved during the week of February 4, 2002, and that CSC determined that the Documentation Group would need to move due to space constraints at the Volpe Center. Interrogatory No. 18 seeks information about which documents support Plaintiff's voluntary resignation. Defendant CSC points to six documents which support Plaintiff's voluntary resignation in its response to Interrogatory No. 18.

Plaintiff also requested information about a Documentation Group co-worker, Mary Costello, in several interrogatories. Ms. Costello has been employed by Battelle Memorial Institute since CSC took over the Volpe contract in or about 1997. Accordingly, Defendant CSC provided responses to Plaintiff's interrogatories about Ms. Costello, stating that: (1) Ms. Costello, upon information and belief, was employed by Battelle Memorial Institute in 2000; (2) an employment contract did not exist between Ms. Costello and CSC; (3) CSC is not aware whether an employment contract exists between Ms. Costello and Battelle Memorial Institute; (4) CSC does not have knowledge of Ms. Costello's salary, which was paid by Battelle Memorial Institute in 2000, 2001, and 2002; (5) CSC hired Plaintiff after she applied to CSC and CSC decided it wished to hire her; and (6) CSC is unaware of the reasons why Battelle Memorial Institute hired Ms. Costello.

Defendants have provided sufficient responses to Plaintiff's discovery requests and have made appropriate objections to Plaintiff's overly broad and non-relevant interrogatories and document requests. Further, Plaintiff has not shown that Defendants' discovery responses are in any way deficient. Accordingly, the Court should deny Plaintiff's motion.

IV.   **<u>Plaintiff's Motion To Compel Responses Should Be Denied Because Defendants Have Indicated Their Willingness To Provide Additional Documents Subject To A Stipulation Of Confidentiality And Plaintiff Has Unreasonably Refused To Agree To The Stipulation Of Confidentiality.</u>**

The Court should also deny Plaintiff's Motion to Compel because Defendant CSC has informed Plaintiff that it will provide some additional responsive documents subject to a Stipulation of Confidentiality. Despite her apparent desire for further documents, Plaintiff has unnecessarily persisted in her refusal to sign the proposed Stipulation of Confidentiality, disregarding Defendant CSC's willingness to provide further documents to her. As Defendants' counsel has explained to Plaintiff, the proposed Stipulation of Confidentiality would merely preserve the confidentiality of some responsive documents which contain proprietary and sensitive information. Plaintiff has referred to the Stipulation of Confidentiality as "bogus" and as an "insult to [her] intelligence," and has refused to agree to it, despite Defendants' willingness to apply the agreement to the documents and information that she has produced. Further, Plaintiff has not in any way suggested ways in which the proposed stipulation could be altered so that she would agree to it. Despite Defendants' willingness to provide further documents, Plaintiff has illogically refused to agree to the Stipulation of Confidentiality. Accordingly, the Court should deny Plaintiff's motion to compel responses.

7

## Conclusion

For the foregoing reasons, Defendants request that this Court deny Plaintiff's motion to compel responses.

Respectfully submitted,
COMPUTER SCIENCES CORPORATION,
RALPH BUSBY, JOHN BUTLER, MARV TODD,
and PATTI SKILES

By their attorneys,

/s/ Joan Ackerstein
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: December 27, 2004