UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>    Defendants. | Civil Action No. 03-cv-12423-RWZ |

### AFFIDAVIT OF JOAN ACKERSTEIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES

Joan Ackerstein, on oath, deposes and says as follows:

1. I am a partner of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. Together with my colleague, Heather Stepler, I am involved in the defense of this action.

2. On June 30, 2004, Plaintiff emailed to us her discovery requests, including (1) First Request Of Plaintiff For Production Of Documents By Defendants, and (2) First Set of Interrogatories Propounded By Plaintiff To Defendants. True and accurate copies of Plaintiff's discovery requests are attached hereto as Exhibits A and B.

3. Subsequent to emailing her discovery requests to us, on July 8, 2004, Plaintiff served her Initial Disclosures upon Defendants. A true and accurate copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit C.

4. On September 2, 2004, Defendant CSC served upon Plaintiff its response to Plaintiff's first request for documents, along with responsive documents, and its response to Plaintiff's first set of interrogatories. True and accurate copies of Defendant CSC's responses to document requests and to interrogatories are attached hereto as Exhibits D and E. Along with

Defendant CSC's discovery responses, we sent a letter to Plaintiff informing her that Defendant CSC would produce some responsive documents subject to a Stipulation of Confidentiality. In the letter, we also stated that the proposed Stipulation of Confidentiality would follow under separate cover. A true and accurate copy of the cover letter to Plaintiff, dated September 2, 2004, is attached hereto as Exhibit F.

5. As indicated in our letter from September 2, 2004, we sent a proposed Stipulation of Confidentiality to Plaintiff for her review and signature on September 8, 2004. A true and accurate copy of the proposed Stipulation of Confidentiality is attached hereto as Exhibit G. Along with the proposed Stipulation of Confidentiality, we sent a letter to Plaintiff, asking her to contact us if she had any questions about the proposed Stipulation of Confidentiality. A true and accurate copy of the letter to Plaintiff, dated September 8, 2004, is attached hereto as Exhibit H.

6. On September 10, 2004, Defendants Busby, Butler, Skiles and Todd served their responses to Plaintiff's first request for documents and to Plaintiff's first set of interrogatories. True and accurate copies of these discovery responses are attached hereto as Exhibits I, J, K, L, and M.

7. In response to the proposed Stipulation of Confidentiality, on September 13, 2004, Plaintiff sent an email to us. In her email, Plaintiff stated that she did not accept the proposed Stipulation of Confidentiality, which she referred to as "bogus" and as "an insult to [her] intelligence." A true and accurate copy of the email from Plaintiff, dated September 13, 2004, is attached hereto as Exhibit N.

8. On September 15, 2004, in response to Plaintiff's email from September 13, 2004, we sent a letter to Plaintiff further explaining Defendant CSC's need for the Stipulation of Confidentiality prior to producing responsive documents which contain sensitive and proprietary information. In the letter, we explained that Defendant CSC requires the Stipulation of Confidentiality in order to preserve the confidentiality of these documents and to assure that the documents will not be distributed to others. Also in the letter, we informed Plaintiff that

although Defendant CSC was under no obligation to do so, Defendant CSC would agree to designating the documents and information previously provided by Plaintiff as subject to the Stipulation of Confidentiality, if Plaintiff so desired. A true and accurate copy of the letter to Plaintiff, dated September 15, 2004, is attached hereto as Exhibit O.

9. Plaintiff did not respond to our letter from September 15, 2004 regarding the detailed explanation for Defendant CSC's requirement that the parties execute a Stipulation of Confidentiality prior to producing documents that contain proprietary and sensitive information.

10. Around this time, Plaintiff indicated to us that she would not attend her deposition, which was scheduled for September 20, 2004. Responding to Plaintiff's refusal to attend her deposition, we sent several letters and emails to Plaintiff asking her to contact us with a date and a time when we could discuss the case with her.

11. On September 26, 2004, in response to our correspondence relating to speaking about the case, Plaintiff sent an email to us. In her email, Plaintiff stated that she considered the matter to be "on hold" until she sought legal advice and appeared at the next scheduled court conference. A true and accurate copy of the email from Plaintiff, dated September 26, 2004, is attached hereto as Exhibit P.

12. On October 8, 2004, we responded to Plaintiff's email from September 26, 2004, by sending her a letter which further explained our desire to speak with Plaintiff about the case. In the letter, we also pointed out that the Rules of Civil Procedure contemplate that opposing parties will contact each other to discuss discovery disputes and will attempt to resolve disputes without resort to the Court. Enclosed with the letter, we sent copies of Rule 37, Local Rule 26.1, and Local Rule 37.1. A true and accurate copy of the letter, dated October 8, 2004, and its enclosures, is attached hereto as Exhibit Q.

13. During the Court's status conference on December 15, 2004, the parties discussed the proposed Stipulation of Confidentiality with the Court. Plaintiff insisted that she would not sign the proposed Stipulation of Confidentiality.

14. To date, Plaintiff has not signed the proposed Stipulation of Confidentiality and has not proposed to us any amendments to the proposed stipulation which would make it acceptable to her.

Signed under the pains and penalties of perjury this 27th day of December, 2004

/s/ Joan Ackerstein
Joan Ackerstein