# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

    Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,

    Defendants.

Civil Action No. 03-cv-12423-RWZ

### RESPONSE OF DEFENDANT, COMPUTER SCIENCES CORPORATION, TO FIRST REQUEST OF PLAINTIFF FOR PRODUCTION OF DOCUMENTS BY DEFENDANTS

Defendant, Computer Sciences Corporation ("Defendant"), responds to First Request Of Plaintiff For Production of Documents By Defendants as follows:

### GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each of Defendant's Specific Responses to the Requests.

1.    Defendant objects to the requests to the extent they exceed or conflict with the Federal Rules of Civil Procedure.

2.    Defendant is providing this response and is producing documents pursuant thereto without waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the requests, or (b) the relevance, materiality or admissibility of (i) the requests or any part thereof, (ii) statements made in this response to the requests or any part thereof, or (iii) any documents produced in accordance with this response.

3.    Defendant objects to the requests to the extent they demand production of any

document covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege. In the event any privileged document is produced by Defendant, its production is inadvertent and does not constitute a waiver of any privilege.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1

Contract between Computer Sciences Corporation (CSC) and the Federal Aviation Administration (FAA) for Enhanced Traffic Management System (ETMS) project.

### RESPONSE NO. 1

Defendant objects to this request on the grounds that it seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objection, Defendant states that it has no documents responsive to this request. Further responding, Defendant states that it will produce relevant portions of the contract between CSC and the Volpe National Transportation Systems Center pursuant to a Stipulation of Confidentiality.

### REQUEST NO. 2

Contract between CSC and each subcontractor/partner company working at the Volpe National Transportation Systems Center in Cambridge, MA.

### RESPONSE NO. 2

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, vague as to time frame, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that it will produce relevant portions of the Cost Reimbursement Subcontract Agreement between CSC and Battelle Memorial Institute pursuant to a Stipulation of Confidentiality.

**REQUEST NO. 3**

All W2 and income tax forms filed for each defendant for 2001 and 2002.

**RESPONSE NO. 3**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, seeks confidential information and on the further ground that it seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4**

Names and respective companies of all contractors working on ETMS.

**RESPONSE NO. 4**

Defendant objects to this request on the grounds that it does not seek documents, but rather, seeks information as it is in the form of an interrogatory. Without waiving its objections, Defendant states that it is not aware of a document that lists the names and respective companies of all contractors working on ETMS.

**REQUEST NO. 5**

ETMS organizational chart (2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 5**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving its objections, Defendant states that it will provide ETMS organizational charts.

**REQUEST NO. 6**

ETMS Staff lists by employee name, company, buildings, room numbers, extensions, nodes, task, and hourly rate of pay (2000, 2001, 2002, 2003, 2004).

## RESPONSE NO. 6

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information that is neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that it is not aware of a document that includes all of the information sought in this request.

## REQUEST NO. 7

ETMS project floor plan by team member and office number (2000, 2001, 2002, 2003, 2004).

## RESPONSE NO. 7

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Further responding, Defendant also states that floor plans of the Volpe National Transportation Systems Center ("Volpe") building constitute Volpe's confidential proprietary information. Without waiving its objections, Defendant states it is not aware of any floor plans of Five Cambridge Center which provide the names of the team member assigned to the office. Further responding, Defendant states that it will provide a floor plan for Five Cambridge Center which shows the office numbers assigned to each office space.

## REQUEST NO. 8

ETMS task plan (1998, 1999, 2000, 20001, 2002).

## RESPONSE NO. 8

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and vague, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further

responding, Defendant states that the documents requested are prepared for Volpe and constitute confidential proprietary information.

**REQUEST NO. 9**

ETMS task leaders (1998, 1999, 2000, 2001, 2002).

**RESPONSE NO. 9**

Defendant objects to this request on the grounds that it is overly broad and does not seek documents, but rather, seeks information in the form of an interrogatory. Without waiving its objections, Defendant states that it has no non-privileged documents responsive to this request.

**REQUEST NO. 10**

Contract Funding and Labor report (2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 10**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and vague, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Defendant states that the documents requested are prepared for Volpe and constitute confidential proprietary information.

**REQUEST NO. 11**

User Accountability System report (2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 11**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and vague, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further

responding, Defendant states that the documents requested are created by Volpe and, therefore, constitute Volpe's confidential proprietary information.

**REQUEST NO. 12**

Monthly Status report (2000, 2001, 2002).

**RESPONSE NO. 12**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Defendant states that the documents requested are prepared for Volpe and constitute confidential proprietary information.

**REQUEST NO. 13**

Subcontractor Activity report (2000, 2001, 2002).

**RESPONSE NO. 13**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving its objections, Defendant states that it is unaware of documents that respond to this request.

**REQUEST NO. 14**

ETMS documentation team organizational chart (1998, 1999, 2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 14**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving its objections, Defendant states that no such organizational chart exists and refers Plaintiff to the organizational charts produced in response to Request No. 5.

**REQUEST NO. 15**

Title, job description, resume, and hourly rates of pay for all ETMS technical writers (1998, 1999, 2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 15**

Defendant objects to this request on the grounds that it does not seek documents, but rather, seeks information in the form of an interrogatory and on the further grounds that it is overly broad, unduly burdensome, seeks confidential personnel information, and is not designed to elicit information or evidence admissible at trial. Without waiving its objections, Defendant states that it is not aware of documents that respond to this request.

**REQUEST NO. 16**

CSC job abandonment policy and source.

**RESPONSE NO. 16**

Defendant has no documents responsive to this request.

**REQUEST NO. 17**

Records specifying plaintiff's resignation.

**RESPONSE NO. 17**.

Defendant directs Plaintiff to documents produced pursuant to Defendant's initial disclosures on July 30, 2004, for documents responsive to this request, including a TSS Contract Exit Clearance Form, signed by Plaintiff and dated February 7, 2002; a letter to Plaintiff from John Butler, dated February 7, 2002; a GEMS Change Request Form completed by Patti Skiles; a document completed by Lori Brown and sent to Gates McDonald which relates to Plaintiff's unemployment claim; an email, dated January 17, 2002, from Plaintiff to John Butler and Marvin Todd, entitled "Move;" and an email, dated January 29, 2002, from Plaintiff to Jacqueline Newstadt, entitled "Move."

Respectfully submitted,

COMPUTER SCIENCES CORPORATION,

By its attorneys,

*Heather Stepler*
Joan Ackerstein, BBO # 348220
Heather L. Stepler, BBO # 654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: September 2, 2004

### CERTIFICATE OF SERVICE

This is to certify that on September 2, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

*Heather Stepler*
Jackson Lewis LLP