# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>Defendants. | Civil Action No. 03-cv-12423-RWZ |

### RESPONSE OF DEFENDANT, COMPUTER SCIENCES CORPORATION, TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Computer Sciences Corporation ("Defendant"), hereby responds to the First Set of Interrogatories Propounded By Plaintiff To Defendants as follows:

### GENERAL OBJECTIONS AND DEFINITIONS

1. Defendant objects to each interrogatory to the extent it calls for information beyond the scope of discovery required by the Federal Rules of Civil Procedure.

2. Defendant objects to each interrogatory that calls for privileged information protected by the work product doctrine or attorney-client privilege.

3. Defendant objects to each interrogatory insofar as it seeks information which constitutes confidential business information or confidential information concerning its employees.

4. Defendant objects to each interrogatory insofar as it is overly broad and unduly burdensome.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to, and incorporating by reference the foregoing General Objections, Defendant specifically objects and responds to the interrogatories as follows:

## INTERROGATORY NO. 1

State each defendant's name, social security number, date and place of birth, address, marital status (including date of marriage and name of spouse), and names and birth dates of children.

## RESPONSE NO. 1

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 2

List all residences for each defendant during the past seven (7) years, giving complete addresses and dates resided at each address.

## RESPONSE NO. 2

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 3

Identify all sources of income received by each defendant from January 1, 2000 to present. Specify how much and how often payment is received.

## RESPONSE NO. 3

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 4

Explain in detail the working relationship of CSC and Battelle Memorial Institute (BMI) at the Volpe National Transportation Systems Center in Cambridge, MA. Name all projects on which CSC and BMI collaborate.

## RESPONSE NO. 4

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that Battelle Memorial Institute works on the Volpe National Transportation Systems Center contract as a subcontractor of Computer Sciences Corporation ("CSC").

## INTERROGATORY NO. 5

How many hours did CSC bill to ETMS in 2000 and 2001? Describe tasks for which hours were billed.

## RESPONSE NO. 5

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 6

How many hours did BMI bill to ETMS in 2000? Describe tasks for which hours were billed.

## RESPONSE NO. 6

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7**

In 2000, who was plaintiff's co-worker Mary Costello's employer?

**RESPONSE NO. 7**

Defendant states upon information and belief that Mary Costello was employed by Battelle Memorial Institute during 2000.

**INTERROGATORY NO. 8**

In 2000, who was Mary Costello's day-to-day supervisor?

**RESPONSE NO. 8**

Defendant objects to this interrogatory on the grounds that it is vague. Without waiving its objections, Defendant states that Marvin Todd, a CSC Senior Computer Scientist, gave Ms. Costello day-to-day technical direction on ETMS Documentation Group projects during 2000. Further responding, Defendant states upon information and belief that Steven Hanagan, a Battelle Memorial Institute Senior Manager, was Ms. Costello's administrative supervisor during 2000.

**INTERROGATORY NO. 9**

Did an employment contract exist between Mary Costello and BMI or CSC?

**RESPONSE NO. 9**

Defendant states that an employment contract did not exist between Ms. Costello and CSC. Further responding, Defendant states that it is unaware whether an employment contract exists or existed between Ms. Costello and Battelle Memorial Institute.

**INTERROGATORY NO. 10**

How many hours did Mary Costello charge to ETMS in 2000 and for what tasks were hours charged?

4

**RESPONSE NO. 10**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11**

What was Mary Costello's job description for work for CSC?

**RESPONSE NO. 11**

Defendant objects to this interrogatory on the grounds that it is vague. Without waiving its objections, Defendant states that Ms. Costello was employed by Battelle Memorial Institute and that it does not have a Battelle job description for her position.

**INTERROGATORY NO. 12**

How much was Mary Costello paid in 2000, 2001 and 2002?

**RESPONSE NO. 12**

Defendant objects to this interrogatory on the grounds that it seeks confidential personnel information and is not designed to elicit relevant information or evidence admissible at trial. Without waiving its objections, Defendant states that it is unaware of how much Ms. Costello was paid by Battelle Memorial Institute or other entities in 2000, 2001, and 2002.

**INTERROGATORY NO. 13**

Explain how CSC hired incumbent employees from Unisys in 1998.

**RESPONSE NO. 13**

Defendant objects to this interrogatory on the grounds that it is vague and seeks information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that when CSC took over the Volpe National Transportation Systems Center contract from

Unisys in 1997, CSC and its partner companies hired most of the individuals who worked for Unisys on the contract. Individuals hired by CSC engaged in an application process with CSC and CSC determined that it wished to hire such individuals.

## INTERROGATORY NO. 14

Why was Ruth Anthony hired to work for CSC and Mary Costello hired to work for BMI?

## RESPONSE NO. 14

Defendant states that Plaintiff was hired by CSC after she applied for employment with CSC and CSC determined that it wished to hire her. Defendant is unaware of the reasons why Battelle Memorial Institute hired Ms. Costello.

## INTERROGATORY NO. 15

Before termination, what was Ruth Anthony's title and job description?

## RESPONSE NO. 15

Defendant states that prior to her resignation, Plaintiff's job title was Senior Member of Technical Staff. Further responding, Defendant states that Plaintiff's job description as the lead writer for ETMS systems documentation included the following duties:

- After the sections of the systems documents have been edited or authored by the development staff and returned to Documentation, edit the systems documents as necessary for clarity and consistency. Correct spelling, grammatical, and formatting errors.

- Prepare a style guide to be used by the development staff when editing or authoring sections of the documents.

- Provide a configuration management function regarding the systems documents. This involves coordinating the process of editing existing sections and authoring

of new sections by the development staff. Coordinate checkin/checkout procedures so that more than one individual is not editing the same section at the same time.

- Insure that the proper review procedures are followed.
- Verify that all cross-references are correct, all acronyms are defined, and that the document is consistent throughout.
- Prepare and update the Table of Contents and Index for the documents.
- Prepare print ready copies and coordinate the printing of new versions of the documents.

## INTERROGATORY NO. 16

What happened to the Documentation Manager position that previously existed? When was it advertised? Was it filled; if so, when and by whom?

## RESPONSE NO. 16

Defendant states that Michael Potash held the title of Documentation Manager but was laid off in or about May 1999 due to budget cuts. CSC did not attempt to fill the Documentation Manager position after Mr. Potash was laid off.

## INTERROGATORY NO. 17

When did the ETMS documentation group relocate? Why or why not?

## RESPONSE NO. 17

Defendant objects to this interrogatory on the grounds that the second part of the interrogatory is vague. Without waiving its objections, Defendant states that the ETMS Documentation Group relocated to Five Cambridge Center during the week of February 4, 2002. CSC selected the ETMS documentation group to relocate from the U.S. Department of

Transportation's Volpe Center to Five Cambridge Center due to space constraints at the Volpe Center.

**INTERROGATORY NO. 18**

What documents support plaintiff's voluntary resignation?

**RESPONSE NO. 18**

Defendant states that the following documents which were produced pursuant to Defendants' initial disclosures on July 30, 2004, support Plaintiff's voluntary resignation: a TSS Contract Exit Clearance Form, signed by Plaintiff and dated February 7, 2002; a letter to Plaintiff from John Butler, dated February 7, 2002; a GEMS Change Request Form completed by Patti Skiles; a document completed by Lori Brown and sent to Gates McDonald which relates to Plaintiff's unemployment claim; an email, dated January 17, 2002, from Plaintiff to John Butler and Marvin Todd, entitled "Move;" and an email, dated January 29, 2002, from Plaintiff to Jacqueline Newstadt, entitled "Move."

**INTERROGATORY NO. 19**

How many technical writers were hired on ETMS since February 7, 2002? What are their qualifications? How much are they paid? Do they have government security clearance? Was clearance obtained before or after hire?

**RESPONSE NO. 19**

Defendant objects to this interrogatory on the grounds that it is vague and seeks confidential personnel information which is neither relevant to the issues in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that since February 7, 2002, two individuals have been added to the ETMS Documentation Group.

Then came Patricia Skiles, as a duly-authorized representative of Computer Sciences Corporation, and stated under the pains and penalties of perjury on this 1st day of September, 2004 that the foregoing answers represent the answers of Computer Sciences Corporation and are true based upon personal knowledge or true to the best of her information and belief if compiled by others.

_____
Patricia Skiles
Computer Sciences Corporation


AS TO OBJECTIONS:

Respectfully submitted,

COMPUTER SCIENCES CORPORATION,

By its attorneys,

_____
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: September 2, 2004

### CERTIFICATE OF SERVICE

This is to certify that on September 2, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

_____
Jackson Lewis LLP