# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

        Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV
TODD, JACQUELINE NEWSTADT,
PATTI SKILES, and COMPUTER
SCIENCES CORPORATION,

        Defendants.

Civil Action No. 03-cv-12423-RWZ

## RESPONSE OF INDIVIDUAL DEFENDANTS TO FIRST REQUEST OF PLAINTIFF FOR PRODUCTION OF DOCUMENTS BY DEFENDANTS

Individual Defendants, Ralph H. Busby III, John A. Butler, Marvin Todd, and Patricia L. Skiles ("Defendants"), respond to First Request of Plaintiff For Production of Documents By Defendants as follows:

### GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each of Defendants' Specific Responses to the Requests.

1.    Defendants object to the requests to the extent they exceed or conflict with the Federal Rules of Civil Procedure.

2.    Defendants are providing this response and are producing documents pursuant thereto without waiver of or prejudice to their right, at any later time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the requests, or (b) the relevance, materiality or admissibility of (i) the requests or any part thereof, (ii) statements made in this response to the requests or any part thereof, or (iii) any documents produced in accordance with this response.

3.    Defendants object to the requests to the extent they demand production of any document covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege.    In the event any privileged document is produced by Defendants, its production is inadvertent and does not constitute a waiver of any privilege.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1

Contract between Computer Sciences Corporation (CSC) and the Federal Aviation Administration (FAA) for Enhanced Traffic Management System (ETMS) project.

### RESPONSE NO. 1

Defendants object to this request on the grounds that it seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.    Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation.    As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

### REQUEST NO. 2

Contract between CSC and each subcontractor/partner company working at the Volpe National Transportation Systems Center in Cambridge, MA.

### RESPONSE NO. 2

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, vague as to time frame, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation.    As such,

2

Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to

First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 3

All W2 and income tax forms filed for each defendant for 2001 and 2002.

## RESPONSE NO. 3

Defendants object to this request on the grounds that it is overly broad, unduly

burdensome, seeks confidential information and on the further ground that it seeks documents

that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the

discovery of admissible evidence.

## REQUEST NO. 4

Names and respective companies of all contractors working on ETMS.

## RESPONSE NO. 4

Defendants object to this request on the grounds that it does not seek documents, but

rather, seeks information as it is in the form of an interrogatory. Without waiving their

objections, Defendants state that responsive documents, if any, are in the possession, custody or

control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff

to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for

Production of Documents by Defendants.

## REQUEST NO. 5

ETMS organizational chart (2000, 2001, 2002, 2003, 2004).

## RESPONSE NO. 5

Defendants object to this request on the grounds that it is overly broad and unduly burdensome. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 6

ETMS Staff lists by employee name, company, buildings, room numbers, extensions, nodes, task, and hourly rate of pay (2000, 2001, 2002, 2003, 2004).

## RESPONSE NO. 6

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks confidential personnel information that is neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 7

ETMS project floor plan by team member and office number (2000, 2001, 2002, 2003, 2004).

## RESPONSE NO. 7

Defendants object to this request on the grounds that it is overly broad and unduly burdensome. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences

4

Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 8

ETMS task plan (1998, 1999, 2000, 20001, 2002).

## RESPONSE NO. 8

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 9

ETMS task leaders (1998, 1999, 2000, 2001, 2002).

## RESPONSE NO. 9

Defendants object to this request on the grounds that it is overly broad and does not seek documents, but rather, seeks information as it is in the form of an interrogatory. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 10

Contract Funding and Labor report (2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 10**

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

**REQUEST NO. 11**

User Accountability System report (2000, 2001, 2002, 2003, 2004).

**RESPONSE NO. 11**

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants state that responsive documents, if any, may be in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

**REQUEST NO. 12**

Monthly Status report (2000, 2001, 2002).

**RESPONSE NO. 12**

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the issues in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving their

6

objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 13

Subcontractor Activity report (2000, 2001, 2002).

## RESPONSE NO. 13

Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and vague. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 14

ETMS documentation team organizational chart (1998, 1999, 2000, 2001, 2002, 2003, 2004).

## RESPONSE NO. 14

Defendants object to this request on the grounds that it is overly broad and unduly burdensome. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 15

Title, job description, resume, and hourly rates of pay for all ETMS technical writers (1998, 1999, 2000, 2001, 2002, 2003, 2004).

7

## RESPONSE NO. 15

Defendants object to this request on the grounds that it does not seek documents, but rather, seeks information as it is in the form of an interrogatory and on the further grounds that it is overly broad, unduly burdensome, seeks confidential personnel information, and is not designed to elicit information or evidence admissible at trial. Without waiving their objections, Defendants state that responsive documents, if any, are in the possession, custody or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 16

CSC job abandonment policy and source.

## RESPONSE NO. 16

Defendants state that responsive documents, if any, are in the possession, custody, or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

## REQUEST NO. 17

Records specifying plaintiff's resignation.

## RESPONSE NO. 17.

Defendants state that responsive documents, if any, are in the possession, custody, or control of their employer, Computer Sciences Corporation. As such, Defendants direct Plaintiff to the Response of Defendant, Computer Sciences Corporation, to First Request of Plaintiff for Production of Documents by Defendants.

Respectfully submitted,

RALPH H. BUSBY III, JOHN A. BUTLER,
MARVIN TODD, AND PATRICIA L. SKILES,

By their attorneys,

_Heather Stepler_

Joan Ackerstein, BBO # 348220
Heather L. Stepler, BBO # 654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts  02116
Dated:   September _10_, 2004          (617) 367-0025

## CERTIFICATE OF SERVICE

This is to certify that on September _10_, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

_Heather Stepler_

Jackson Lewis LLP