# EXHIBIT Q

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| 75 Park Plaza | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| Boston, Massachusetts 02116 | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| Tel 617 367-0025 | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| Fax 617 367-2155 | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| www.jacksonlewis.com | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
|  | LONG ISLAND, NY | PITTSBURGH, PA |  |

October 8, 2004

**BY ELECTRONIC MAIL AND U.S. MAIL**

Ruth Anthony
60 Edgewood Street
Roxbury, MA 02119

    Re:    *Ruth Anthony v. Ralph Busby, et al.*
            *Civil Action No. 03-CV-12423-RWZ*

Dear Ms. Anthony:

    We are in receipt of your email from September 26, 2004, which was a response to our request to speak with you about this matter. This letter is to further explain our desire to speak with you about this matter.

    In your email from September 26, 2004, you indicated that you may have some concerns regarding the discovery process in this matter. You also stated that you believe this matter is on hold until you seek legal advice and appear at the next scheduled court conference, which is scheduled for November 9, 2004. We would like to move this matter forward and believe that we need to discuss this matter with you in order to do that.

    The Rules of Civil Procedure contemplate that opposing parties will contact each other to discuss any discovery disputes and will attempt to resolve any disputes they may have without resort to the Court, if possible. For example, Fed. R. Civ. P. 37(a)(2)(B) provides that a discovering party may move for an order compelling a response to a discovery request, but the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." In addition, Local Rule 26.1(A), entitled "Cooperative Discovery," provides that the judicial officer should encourage cost effective discovery by means of voluntary exchange of information among litigants and their attorneys, which may be accomplished through the use of stipulations entered into by the parties with respect to deposition notices, waiver of signing, and other matters.



Ruth Anthony
October 8, 2004
Page 2

Moreover, Local Rule 37.1(A), entitled "Discovery Disputes," also demonstrates the Court's expectation that opposing parties speak about their discovery disputes. The Rule states that before filing any discovery motion, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. The Rule also states that conferences may be conducted over the phone. We have enclosed copies of these rules for your review.

Based upon your email from September 26, 2004, it appears that you have concerns about the discovery process in this matter. Accordingly, we are once again requesting that you contact us with a date and a time when we can call you to speak about this matter. If, however, you have now secured legal representation, we would be delighted to speak with your counsel about this matter and request that you provide your counsel's contact information to us.

Thank you for your attention to this matter and we look forward to hearing from you.

Very truly yours,

JACKSON LEWIS LLP

*Heather Stepler*

Heather L. Stepler

Enclosures
HLS/kam

cc:   Joan Ackerstein

the taking of a deposition of the examiner in accordance with the provisions of any other rule.

[Amended March 30, 1970, effective July 1, 1970; March 2, 1987, effective August 1, 1987; amended by Pub.L. 100-690, Title VII, § 7047(b), November 18, 1988, 102 Stat. 4401; amended April 30, 1991, effective December 1, 1991.]

## RULE 36. REQUESTS FOR ADMISSION

(a) **Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) **Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

[Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

## RULE 37. FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY; SANCTIONS

(a) **Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

(1) *Appropriate Court.* An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

(2) *Motion.*

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering par-

ty may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

(3) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

(4) *Expenses and Sanctions.*

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C) If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

(b) **Failure to Comply With Order.**

(1) *Sanctions by Court in District Where Deposition Is Taken.* If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

(2) *Sanctions by Court in Which Action Is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(c) **Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and

may include informing the jury of the failure to make the disclosure.

(2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

(d) **Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

(e) **Subpoena of Person in Foreign Country [Abrogated].**

(f) **Expenses Against United States [Repealed].**

(g) **Failure to Participate in the Framing of a Discovery Plan.** If a party or a party's attorney fails to participate in good faith in the development and submission of a proposed discovery plan as required by Rule 26(f), the court may, after opportunity for hearing, require such party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

[Amended December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; amended by Pub.L. 96–481, Title II, § 205(a), October 21, 1980, 94 Stat. 2330, effective October 1, 1981; amended March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000.]

## VI. TRIALS

### RULE 38. JURY TRIAL OF RIGHT

(a) **Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

(c) **Same: Specification of Issues.** In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

(d) **Waiver.** The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

(e) **Admiralty and Maritime Claims.** These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

[Amended February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

(10) a consideration of the feasibility of presenting direct testimony by written statement;

(11) the exploration of possible agreement among the parties on various issues and encouragement of a stipulation from the parties, when that will serve the ends of justice, including:

(a) that direct testimony of some or all witnesses will be taken in narrative or affidavit form, with right of cross-examination reserved;

(b) that evidence in affidavit form will be read to the jury by the witnesses, or by counsel or another reader with court approval; and (C) that time limits shorter than those set forth in Rule 43.1 be used for trial; and

(12) a consideration of any other means to facilitate and expedite trial.

(F) **Trial Brief.** A trial brief, including requests for rulings or instructions, shall be filed by each party five (5) calendar days before the commencement of trial. Each party may supplement these requests at the trial if the evidence develops otherwise than as anticipated.

Adopted effective October 1, 1992; amended effective January 2, 1995.

## RULE 26.1 CONTROL OF DISCOVERY

(A) **Cooperative Discovery.** The judicial officer should encourage cost effective discovery by means of voluntary exchange of information among litigants and their attorneys. This may be accomplished through the use of:

(1) informal, cooperative discovery practices in which counsel provide information to opposing counsel without resort to formal discovery procedures; or

(2) stipulations entered into by the parties with respect to deposition notices, waiver of signing, and other matters, except that the parties may not enter into stipulations extending the time for responding to discovery requests or otherwise modify discovery procedures ordered by the judicial officer.

(B) **Disclosure Orders.** The judicial officer may order the parties to submit at the scheduling conference, or at any subsequent time the officer deems appropriate, sworn statements disclosing certain information to every other party. At the discretion of the judicial officer, this order may direct the submission of:

(1) a sworn statement from a claimant, whether plaintiff, third-party plaintiff, cross-claimant, or counter-claimant, that:

(a) itemizes all economic loss and provides a computation of damages for which recovery is sought, if any, sustained before the date of service of process;

(b) identifies all persons then known to the claimant or the claimant's attorney who witnessed or participated in the transaction or occurrence giving rise to the claim or otherwise known or believed to have substantial discoverable information about the claim or defenses, together with a statement of the subject and a brief summary of that information;

(c) identifies all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the claimant regarding the subject matter of the claim; and

(d) identifies all governmental agencies or officials then known to the claimant or the claimant's attorney to have investigated the transaction or occurrence giving rise to the claim; and

(2) a sworn statement from a defendant, whether the direct defendant, third-party defendant, cross-claim defendant, or counterclaim defendant, that identifies:

(a) all persons then known to the defendant or the defendant's attorneys who witnessed the transaction or occurrence giving rise to the claim or otherwise is known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and a brief summary of that information;

(b) all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the defendant regarding the subject matter of the claims or defenses; and

(c) all government agencies or officials then known to the defendant or the defendant's attorneys to have investigated the transaction or occurrence giving rise to the claims or defenses.

Noncompliance may be excused only by order of the judicial officer.

(C) **Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and two (2) separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

Adopted effective October 1, 1992; amended effective January 2, 1995.

## RULE 26.2 SEQUENCES OF DISCOVERY

(A) **Automatic Required Disclosure.** Unless otherwise ordered by the judge, or by the United States Magistrate Judge who has been assigned the case

provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed with respect to each such document. If the privilege is being asserted in connection with a claim or defense governed by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked.

Adopted effective October 1, 1992; amended effective January 2, 1995.

## RULE 35.1 DISCLOSURE OF MEDICAL INFORMATION IN PERSONAL INJURY CASES

(A) **Disclosure by Claimants.** Fourteen (14) days after an issue is joined by a responsive pleading, a claimant, whether plaintiff, third-party plaintiff, cross-claimant, or counter-claimant, who asserts a claim for personal injuries shall serve defendant, whether the direct defendant, third-party defendant, cross-claim defendant, or counterclaim defendant with

(1) an itemization of all medical expenses incurred before the date of service of the pleading containing the claim for which recovery is sought. If the claimant anticipates that recovery will be sought for future medical expenses, the itemization shall so state, but need not set forth an amount for the anticipated future medical expenses;

(2) a statement that either:

(a) identifies a reasonably convenient location and date, within no more than fourteen (14) days, at which the defendant may inspect and copy, at the defendant's expense, all non-privileged medical records pertaining to the diagnosis, care, or treatment of injuries for which recovery is sought; or

(b) identifies all health care providers from which the claimant has received diagnosis, care, or treatment of injuries for which recovery is sought together with executed releases directed at each provider authorizing disclosure to the defendant or its counsel of all non-privileged medical records in the provider's possession.

(B) **Assertion of Privilege.** Insofar as medical records are not produced in accordance with subdivision (a)(2) on the ground of privilege, the claimant shall identify the privileged documents and state the privilege pursuant to which they are withheld.

(C) **Removed and Transferred Actions.** In all actions removed to this court from a state court or transferred to this court from another federal court, claimants seeking recovery for personal injuries shall provide the information and materials described in subdivision (A) within twenty (20) days after the date of removal or transfer.

Adopted effective October 1, 1992.

## RULE 36.1 ADMISSIONS

(A) **Requests for Admission—Form of Response.**

(1) Statements and objections in response to requests for admission served pursuant to Fed.R.Civ.P. 36 shall be made in the order of the requests for admission propounded.

(2) Each answer, statement, or objection shall be preceded by the request for admission to which it responds.

(3) Each objection and the grounds therefor shall be stated separately.

(B) **Statements in Response to Requests for Admission Following Objections.** When there is objection to a request for admission and it is subsequently determined that the request is proper, the matter, the admission of which is requested, shall be deemed admitted unless within fifteen (15) days after such determination such party to whom the request was directed serves a statement denying the matter or setting forth the reasons why that party cannot admit or deny the matter, as provided in Fed.R.Civ.P. 36.

Adopted effective October 1, 1992; amended effective January 2, 1995.

## RULE 37.1 DISCOVERY DISPUTES

(A) Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

(B) If (I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (A), (II) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (III) if disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with. The memorandum shall state with particularity the following:

(1) If a discovery conference was not held, the reasons why it was not;

(2) If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;

(3) The nature of the case and the facts relevant to the discovery matters to be decided;

(4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and

(5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

(C) The opposing party may respond to the memorandum within fourteen (14) calendar days after service thereof. The response, if any, shall conform to the requirements of subdivision (B)(5) of this Rule.

Adopted effective October 1, 1992.

## RULE 40.1 ASSIGNMENT OF CASES

(A) Civil Cases.

(1) *Categories of Cases.* All civil cases shall be divided into the following five categories for purposes of assignment, based upon the numbered Nature of the Suit listed in the civil cover sheet used by the clerk in initiating the civil docket:

I — 160, 410, 470, 535, R.23, regardless of nature of suit.

II — 195, 368, 400, 440, 441–444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892–894, 895, 950.

III — 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

IV — 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861–865, 870, 871, 875, 900.

V — 150, 152, 153.

A copy of the civil cover sheet form referred to is attached as an appendix to this rule.*

(2) *Designation of Nature of Suit.* The party filing the initial pleading shall complete a civil cover sheet, Form JS 44**, or any successor forms, and file it with the initial pleading. If the clerk should determine that the designation of Nature of Suit is in error, the clerk shall correctly classify the suit and notify the party filing the initial pleading. A designation shall not thereafter be changed except by order of the Chief Judge or the judge to whom the case is assigned.

(3) *Assignment.* The clerk shall place a case in one of the five categories described in subsection (A)(1) and, unless otherwise ordered by the Court, assign it by lot among the judges of the court in active service at their respective duty stations in accordance with this rule in such manner that each such judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of case and nature of suit assigned to that judge and, within the categories of cases or suits that senior judge will accept, assignment shall be by lot in accordance with this rule.

\* See Appendix C following the rules.
\*\* See Appendix B following the rules.

(B) Criminal Cases.

(1) *Categories of Cases.* All criminal cases shall be divided into the following three categories:

I — Felony cases expected to require a combined total of fifteen (15) days or more for pretrial hearings and trial before a district judge.

II — All other felony cases.

III — All misdemeanor and petty offense cases where a district judge has been requested; Rule 20 cases; cases involving waivers of indictment; and all matters involving alleged violations of conditions of release by persons transferred to this District for supervision.

(2) *Designation of Category.* The attorney for the United States shall identify the appropriate category on Form AO 45, as modified for the district of Massachusetts, or any successor form, and submit the form contemporaneously with the document that initiates the case. If the clerk should determine that the designation of category is in error, the clerk shall correctly classify the case and notify the attorney for the United States. The designation shall not thereafter be changed except by order of the Chief Judge or the judge to whom the case is assigned.

(3) *Assignment.* The clerk shall place a case in one of the three categories described in subsection (B)(1) and, unless otherwise ordered by the Court, assign it by lot among the judges of the court in active service at their respective active duty stations within the divisions of the court in accordance with this rules in such manner that each judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of cases or types of alleged criminal offenses assigned to that judge and within the categories of cases or offenses that senior judge will accept, assignment shall be in accordance with this rule.

(C) **Designation of Divisions.** The District of Massachusetts constitutes one judicial district comprising three divisions.

(1) *Eastern Division.* The Eastern Division of the District of Massachusetts comprises the counties of Barnstable, Bristol, Dukes, Essex, Middlesex, Nantucket, Norfolk, Plymouth, and Suffolk. Cases assigned to the Eastern Division and all pleadings and documents therein shall be filed in the clerk's office in Boston.