# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

              Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,

              Defendants.

Civil Action No. 03-cv-12423-RWZ

## FIRST REQUEST OF DEFENDANTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF, RUTH ANTHONY

Pursuant to Fed. R. Civ. P. 34, Defendants, Ralph Busby, John Butler, Marv Todd, Patti Skiles, and Computer Sciences Corporation ("Defendants"), hereby request that Plaintiff, Ruth Anthony ("Plaintiff"), produce the following documents within her possession, custody, or control for inspection and copying at the offices of Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts, 02116, within thirty (30) days as specified by the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.      In answering these requests for production, Plaintiff should provide all documents available to her, including documents in the possession of all persons acting on her behalf.

2.      The requests which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary responses, such additional documents as she or any persons acting on her behalf may hereafter obtain which will augment, clarify or otherwise modify the responses now given to these requests.  Such supplementary responses are to be produced to Defendants within thirty (30) days after receipt of such documents.

3.    If any document requested to be produced was, but is no longer in Plaintiff's possession, custody or control, or is no longer in existence, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred whether voluntarily or involuntarily to others and if so, to whom; or (d) disposed of or otherwise unavailable.   In each instance, please explain the circumstances surrounding the authorization for such disposition and state the approximate date thereof.

## **DEFINITIONS**

Defendants incorporate herein by reference the Uniform Definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court of the District of Massachusetts.

Further, as used herein, the following terms shall have the meanings indicated below:

1.    "Plaintiff" as used herein, means Ruth Anthony and anyone acting or purporting to act on her behalf.

2.    "Defendants," as used herein, means Ralph Busby, John Butler, Marv Todd, Patti Skiles, and Computer Sciences Corporation, and its employees, agents, representatives, and any other persons acting or purporting to act on its behalf, including, but not limited to, attorneys.

3.    "Complaint," as used herein, means the Complaint filed by Plaintiff on or about January 5, 2004.

4.    "Document" means any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, diaries, reports, calendars, inter-office communications, electronic communications, statements, jottings, announcements, depositions, affidavits, photographs, computer disks, computer printouts or other computerized data, or any other writings whatsoever, tape recordings, video

tapes, motion pictures and any carbon or photographic copies of any such material, if Plaintiff does not have custody or control of the original.

## DOCUMENTS REQUESTED

1.     Any and all documents which relate or pertain to the allegations in paragraph 11 that Mary Costello was afforded training, project leadership, awards and promotion in ETMS.

2.     Any and all documents which relate or pertain to the allegations in paragraph 12 of the Complaint that Mr. Todd communicated with Plaintiff only through Ms. Costello, that she was instructed to help Ms. Costello and that she received little help.

3.     Any and all documents which relate or pertain to the allegations in paragraph 13 of the Complaint that Plaintiff requested training opportunities in Microsoft Word, Visio, and HTML, and was not afforded such training opportunities.

4.     Any and all documents which relate or pertain to the allegations in paragraph 14 of the Complaint that Plaintiff asked Defendants Todd and Butler for a promotion and higher merit increase and Defendant Butler's alleged response that she made enough money and did not agree with a promotion.

5.     Any and all documents which relate or pertain to the allegations in paragraph 17 of the Complaint regarding the meeting Plaintiff had with CSC employees at One Ashburton Place.

6.     Any and all documents which relate or pertain to the allegations in paragraph 18 of the Complaint that Mary Costello complained to Defendant Todd about working on a project with Plaintiff and that Plaintiff was reprimanded by Defendant Todd.

7.     Any and all documents which relate or pertain to the allegations in paragraph 18 of the Complaint that Defendant Todd made Plaintiff solely responsible for writing, editing,

formatting, and distributing for review over 2000 pages of low-priority documentation within unreasonably short deadlines.

8.    Any and all documents which relate or pertain to the allegations in paragraph 19 of the Complaint regarding conversations Plaintiff had in June, 2001, about the move to Five Cambridge Center.

9.    Any and all documents which relate or pertain to the allegations in paragraph 20 of the Complaint regarding conversations Plaintiff had in October, 2001 about the move to Five Cambridge Center, and that others were keeping their offices in Volpe, in addition to having an office at Five Cambridge Center.

10.    Any and all documents which relate or pertain to the allegations in paragraph 21 of the Complaint that Plaintiff asked Defendant Butler if there was an alternative to moving and in paragraph 22 about the meeting she had with Mr. Butler and Ms. Skiles on February 7, 2002.

11.    Any and all documents which relate or pertain to the allegations in paragraph 24 of the Complaint that Computer Sciences Corporation advertised an ETMS technical writer position several times after February 7, 2002, and that Plaintiff submitted a resume via the Internet on May 7, 2003.

12.    Any and all documents which relate or pertain to the allegations in paragraph 25 of the Complaint that Plaintiff's termination from employment was in retaliation for opposing discriminatory employment practices regarding promotion, compensation, job assignment, hostile behaviors and attitudes, and termination.

13.    Any and all documents which relate or pertain to the allegations in paragraph 26 of the Complaint that the termination decision was made because Defendants were annoyed that Plaintiff had filed a discrimination complaint.

14.    Any and all documents which relate or pertain to the allegations in paragraph 28 of the Complaint that Computer Sciences Corporation used the move as a pretext to discriminate against Plaintiff and subsequently terminate Plaintiff's employment.

15.    Any and all documents which relate or pertain to the allegations in paragraph 33 of the Complaint that Defendants, in furtherance of their conspiracy:

      a.  Gave Plaintiff an extraordinarily heavy work load;

      b.  Consistently rated the performance of Plaintiff while not evaluating her co-worker's performance of similarly-situated work;

      c.  Refused Plaintiff the opportunity to pursue training that was offered to a co-worker;

      d.  Denied Plaintiff the same compensation offered a co-worker for a smaller work load of similar-situated work;

      e.  Denied Plaintiff a promotion;

      f.  Subjected Plaintiff to emotional distress; and

      g.  Procured the termination of Plaintiff's employment with Computer Sciences Corporation.

16.    Any and all documents received or taken from Defendants that relate to Plaintiff's termination of employment.

17.    Any and all documents which relate or pertain to compensation paid to Plaintiff by Defendants at any time.

18.    Any and all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs, e-mails, or other records maintained between October 1997 through the present.

19.    Copies of Plaintiff's federal and state income tax returns, W-2 forms, and any other documents reflecting Plaintiff's income for the years 2001 through the present.

20.    Any and all documents reflecting Plaintiff's income, wages, tips, or other compensation for the years 2001 through the present.

21.    Any and all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiff and the curriculum vitae of such experts.

22.    Any and all documents concerning any damages Plaintiff intends to seek at the trial of this action.

23.    Any and all documents which relate or pertain to any attempts by Plaintiff to obtain new employment following cessation of her employment with Computer Sciences Corporation, including, without limitation: correspondence to or from other employers, potential employers, or recruiting firms, and all versions of Plaintiff's resume.

24.    Any and all documents which relate or refer to any employment of Plaintiff since the cessation of her employment with Computer Sciences Corporation, including, without limitation: correspondence to and from any employer or prospective employer, employment applications, and documents relative to compensation and benefits from subsequent employers.

25.    Any and all documents submitted to or received from the Division of Employment and Training, the Division of Unemployment Assistance, or any agency in connection with any claims for unemployment benefits filed by Plaintiff at any time.

26.    Any and all documents identified in Plaintiff's answers to the First Set of Interrogatories Propounded By Defendants To Plaintiff, Ruth Anthony.

27.    Any and all records, including but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered maintained by any physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff visited, consulted, or received treatment from relative to any physical or emotional

condition Plaintiff alleges she has had since January, 2001, including but not limited to any condition she claims resulted from Defendants' actions.

Respectfully submitted,

RALPH BUSBY, JOHN BUTLER, MARV TODD, PATTI SKILES, AND COMPUTER SCIENCES CORPORATION,

By their attorneys,

*Heather L Stepler*

Joan Ackerstein, BBO # 348220
Heather L. Stepler, BBO # 654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts  02116
Dated:  June 21 , 2004        (617) 367-0025

## CERTIFICATE OF SERVICE

This is to certify that on June 21, 2004, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

*Heather L Stepler*

Jackson Lewis LLP