## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

        Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,

        Defendants.

Civil Action No. 03-cv-12423-RWZ

## MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM AND AFFIDAVIT IN CONNECTION WITH DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SIGN AUTHORIZATIONS FOR THE RELEASE OF RELEVANT RECORDS AND TO PROVIDE A COMPLETE ANSWER TO AN INTERROGATORY

Defendant, Computer Sciences Corporation ("CSC"), requests leave to file a Supplemental Memorandum of six pages, and an Affidavit, in connection with Defendant's Motion To Compel Plaintiff To Sign Authorizations For The Release Of Relevant Records And To Provide A Complete Answer To An Interrogatory.

CSC requests leave to file this brief Supplemental Memorandum and Affidavit because it has obtained additional information which may assist the Court in reaching its ruling on the Motion to Compel. Specifically, CSC obtained a copy of the complaint and other documents filed by Plaintiff in connection with a prior race discrimination claim that she brought against a former employer. CSC submits that the remarkable similarity between Plaintiff's prior lawsuit and the current action against CSC provides further support for its Motion to Compel.

For the Court's convenience, the proposed Supplemental Memorandum and Affidavit are attached hereto at Tab A and Tab B, respectively.

WHEREFORE, CSC respectfully requests leave to file the attached Supplemental Memorandum In Support Of Defendant's Motion To Compel Plaintiff To Sign Authorizations For The Release Of Relevant Records And To Provide A Complete Answer To An Interrogatory, and the attached Affidavit.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for CSC hereby certifies that they left voice mail messages for Plaintiff on January 27, 2005 and January 28, 2005 regarding conferring about the filing of this motion. Plaintiff did not return CSC's counsel's calls. Accordingly, the issues raised in this motion have not been narrowed.

Respectfully submitted,

COMPUTER SCIENCES CORPORATION

By its attorneys,

/s/ Heather L. Stepler
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025
Dated: January 28, 2005

TAB A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>          Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>          Defendants. | Civil Action No. 03-cv-12423-RWZ |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SIGN AUTHORIZATIONS FOR THE RELEASE OF RELEVANT RECORDS AND TO PROVIDE A COMPLETE ANSWER TO AN INTERROGATORY

Defendant, Computer Sciences Corporation ("CSC"), moved pursuant to Fed. R. Civ. P. 37(a) for an order compelling Plaintiff, Ruth Anthony: (1) to sign an authorization for the release of her federal income tax returns from 2002 to the present; (2) to sign an authorization for the release of her mental health records from 2001 to the present; and (3) to provide an answer to Interrogatory No. 10 regarding Plaintiff's claims brought against other employers, supervisors, or managers. Interrogatory No. 10 asked the following:

> State whether Plaintiff has previously instituted litigation or administrative charges against any other company or other organization by which she has been employed or applied for employment, or against any other individual supervisor or manager under whom she has worked. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way pertains to the information requested in this interrogatory.

Subsequent to filing its motion to compel, CSC obtained from court records copies of a complaint and other documents filed by Plaintiff in connection with a prior lawsuit she brought against a former employer.  Particularly due to the remarkable similarity between Plaintiff's previous lawsuit and this action, CSC contends that the Court should compel Plaintiff to provide an answer to Interrogatory No. 10.  Thus far, Plaintiff refuses to advise CSC of the amount of the settlement of her prior lawsuit.  That is information which could go to Plaintiff's credibility about her current claims and to her need to seek employment.  The Affidavit of Heather Stepler is filed herewith in support of CSC's Motion to Compel

## Procedural Background

This action arises out of Plaintiff's employment with Computer Sciences Corporation ("CSC").  Plaintiff worked for CSC from approximately 1997 as a technical writer in the Documentation Group until she refused to relocate to a building several streets away.  In her Complaint, Plaintiff calls her refusal to relocate a discharge and alleges that it was based upon her race and color, in violation of M.G.L. c. 151B, §4, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981.  Plaintiff also alleges that she was discharged in retaliation for filing a charge with the Massachusetts Commission Against Discrimination.

In her Complaint, Plaintiff specifically alleges that Defendants "conspired and agreed among themselves to deny [P]laintiff the right to make and enforce her employment with CSC." Complaint, ¶ 33.  She also alleges that in furtherance of their conspiracy, Defendants:

a.  Gave [P]laintiff an extraordinarily heavy work load.

b.  Consistently rated performance of [P]laintiff while not evaluating co-worker's performance of similarly-situated work.

c.  Refused [P]laintiff the opportunity to pursue training that was offered to a co-worker.

d.  Denied [P]laintiff the same compensation offered a co-worker for a smaller work load of similar-situated work.

2

    e.  Denied [P]laintiff a promotion.

    f.  Subjected [P]laintiff to emotional distress.

    g.  Procured the termination of [P]laintiff's employment with CSC.

Complaint, ¶ 33.

With regard to the alleged co-worker who was allegedly treated better than Plaintiff, Plaintiff claims in her Complaint that Mary Costello[1] was afforded training, project leadership, awards, and a promotion. Complaint, ¶¶ 11, 13. Plaintiff also alleges that she was ordered to assist Ms. Costello with her work, while Plaintiff was given little help with her work. Complaint, ¶ 12. Plaintiff further alleges that she was not afforded the same training opportunities given to Ms. Costello, even though she requested such training. Complaint, ¶ 13.

### Plaintiff's Prior Lawsuit Against A Former Employer

According to the Complaint filed by Plaintiff in connection with <u>Ruth Anthony v. Mukti Dass, et al.</u>, Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 69193, Plaintiff's employment with Charles T. Main, Incorporated ("C.T. Main") began in December 1981, and ended in June 1983 due to lack of work. (Stepler Aff., Ex. A, ¶¶ 6, 25, 26) In her Complaint, Plaintiff alleged that the defendants, including C.T. Main and three co-workers, terminated her employment due to her race and color and caused her to suffer emotional distress. (Stepler Aff, Ex. A, ¶¶ 37, 39, 41). Plaintiff further alleged that the individual defendants "conspired among themselves for the purpose of . . . causing or procuring the termination of the contract of employment between plaintiff and defendant, C.T. Main, Inc." (Stepler Aff., Ex. A, ¶ 47) In furtherance of their alleged conspiracy against her, Plaintiff alleged that the individual defendants:

---

[1] Mary Costello is an employee of Battelle Memorial Institute who worked with Plaintiff as part of the ETMS Documentation Group.

    a.  Gave [P]laintiff an extraordinarily heavy workload;

    b.  Refused [P]laintiff the opportunity to pursue computer training which was offered to a co-worker;

    c.  Denied [P]laintiff the same compensation which was offered to her co-worker for a workload which was similar or even heavier than said co-worker's;

    d.  Subjected [P]laintiff to a campaign of harassment;

    e.  Denied [P]laintiff a six month review.

(Stepler Aff., Ex. A, ¶ 48)

Regarding the co-worker who was allegedly treated better than Plaintiff, Plaintiff alleged in her Complaint that C.T. Main hired a woman of East Indian origin, who assumed duties similar to those of Plaintiff, but was assigned relatively light duties, was given training, and was paid more than Plaintiff.   (Stepler Aff., Ex. A, ¶¶ 17, 18, 19, 21, 22, 23)  Plaintiff also alleged that she was directed to assist her co-worker with her work, but that Plaintiff was not given credit for the assistance.  (Stepler Aff., Ex. A, ¶ 20)

## Discovery Relating To Prior Litigation And Claims
## Against Other Employers

As part of its discovery, CSC asked Plaintiff in Interrogatory No. 10 to provide information regarding prior litigation or claims which she has brought against other employers. (Ackerstein Aff., Ex. B)[2]  Plaintiff objected to the interrogatory, stating "Plaintiff objects to this line of questioning as it has no bearing on the matter at hand."  (Ackerstein Aff., Ex. C)  At her deposition on November 23, 2004, CSC's counsel learned that Plaintiff brought a race discrimination claim against a former employer.  (Plaintiff's Deposition Transcript, p. 32)[3]

---

[2] References to the Ackerstein Affidavit refer to the Affidavit of Joan Ackerstein submitted in support of CSC's motion to compel.

[3] Photocopies of relevant excerpts from the deposition of Plaintiff are attached to the Ackerstein Aff. as Exhibit F and are cited herein as "Plaintiff Tr., p. ___."

Plaintiff, however, refused to answer many of CSC's counsel's questions regarding her prior lawsuit. Although Plaintiff testified that the prior lawsuit settled, she refused to disclose the amount of the settlement. (Plaintiff Tr., p. 32-33) Further, in response to a question as to whether she has brought lawsuits against anyone other than CSC and one other former employer, Plaintiff stated: "No. I don't make it a career of doing that." (Plaintiff Tr., p. 34)

## ARGUMENT

### Due To The Remarkable Similarity Between Plaintiff's Two Race Discrimination Claims Against Former Employers, Plaintiff Should Be Compelled To Provide A Complete Answer To Interrogatory No. 10

As the foregoing description of Plaintiff's two Complaints reveals, Plaintiff's current action against CSC is essentially identical to her prior claim against C.T. Main. Both are race discrimination claims based on alleged disparate treatment between Plaintiff and a female co-worker. Both contain allegations revealing that Plaintiff refused to believe the reasons given for her separation from employment and that Plaintiff is convinced that the individual defendants had been "conspiring" against her.

The similarity between the two suits undermines Plaintiff's credibility regarding her current claim. Additionally, a settlement of the prior claim could lead to a motivation to bring the current case, which CSC has the right to explore. Information regarding a settlement of the prior lawsuit could also provide information relevant to Plaintiff's allegedly fruitless job search and her lack of work between February 2002 and the summer of 2004. Further, CSC is entitled to learn whether Plaintiff has brought any additional claims against employers other than CSC and C.T. Main. Plaintiff should be compelled to provide a complete response to Interrogatory No. 10, including information about the settlement of her prior suit against C.T. Main, in order to

allow CSC to more fully assess Plaintiff's credibility, and possible motive, intent, pattern or plan in bringing the current action.

**Conclusion**

For all of the foregoing reasons, as well as the reasons presented in CSC's memorandum in support of the motion to compel, the Court should enter an order directing Plaintiff to fully and adequately answer Interrogatory No. 10.

Respectfully submitted,

COMPUTER SCIENCES CORPORATION

By its attorneys,

_____

Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated:  January ___, 2005

**CERTIFICATE OF SERVICE**

This is to certify that on January ___, 2005, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

_____

Jackson Lewis LLP

TAB B

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

        Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,

        Defendants.

Civil Action No. 03-cv-12423-RWZ

### AFFIDAVIT OF HEATHER STEPLER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SIGN AUTHORIZATIONS FOR THE RELEASE OF RELEVANT RECORDS AND TO PROVIDE A COMPLETE ANSWER TO AN INTERROGATORY

Heather Stepler, on oath, deposes and says as follows:

1.    I am an associate of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I am involved in the defense of this action.

2.    On January 21, 2005, I went to the Civil Clerk's office at Suffolk County Superior Court and asked the clerk to review the file associated with Ruth Anthony v. Mukti Dass, et al, Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 69193.

3.    I reviewed the file and made a photocopy of the Complaint filed in conjunction with Ruth Anthony v. Mukti Dass, et al. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

Signed under the pains and penalties of perjury this _____ day of January, 2005

                        /s/ Heather Stepler_____
                        Heather Stepler

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                          SUPERIOR COURT
                                     C.A. # **69192**

RUTH ANTHONY                )
                            )
v.                          )        VERIFIED COMPLAINT
                            )
MUKTI DASS                  )
TOM MELANSON                )
WILLIAM MEEHAN              )
C.T.MAIN, INC.              )


PARTIES

1.   Plaintiff, Ruth Anthony is a black female
     citizen of the Commonwealth of Massachusetts
     and lives at 32 Greenwich Park, Boston.

2.   Defendant Mukti Dass is a person of East
     Indian origin.  He was at all times relevant
     to this action an employee of defendant C.T.
     Main, Inc. with a business address at Prudential
     Center, Boston.

3.   Defendant Tom Melanson is a white male citizen
     of the Commonwealth of Massachusetts.  At all
     times relevant to this action he was an employee
     of defendant, C.T. Main, Inc. with a business
     address at Prudential Center, Boston.

4.   Defendant William Meehan is a white male citizen
     of the Commonwealth of Massachusetts. He was at
     all times relevant to this action an employee of

defendant C.T. Main, Inc with a business address
at Prudential Center, Boston.

5.  Defendant C.T. Main, Inc. is a Corporation
    duly organized under the laws of the Commonwealth
    of Massachusetts with an usual place of
    business at Prudential Center, Boston.

                            FACTS

6.  On or about 4th December, 1981, plaintiff assumed
    employment with defendant C.T. Main, Inc at
    Prudential Center, Boston under a contract at
    will.

7.  Plaintiff was informed that she would have a
    review within six months of the date of the
    commencement of her employment.

8.  Upon completion of the first six months of her
    employment, plaintiff approached defendant Meehan
    relative to the said review.

9.  Defendant Meehan advised plaintiff to speak with
    defendant Dass relative to the review.

10. Defendant Dass informed plaintiff that he had
    spoken to defendant Meehan and that they had
    concluded that they needed a further six months
    before they would give her a review.

11. Plaintiff told defendant Dass that she thought it was unfair that she had to wait for a further six months for a review.

12. Dass upbraided plaintiff because she had complained to him and told her that she was free to seek work elsewhere.

13. Plaintiff then spoke to one Betty Wolfe in the personnel office and voiced her dissatisfaction with the way in which she was treated by defendant Dass.

14. Defendant Dass subsequently called plaintiff into his office after she had spoken with Betty Wolfe.

15. Defendant Dass thereupon reprimanded plaintiff for attempting to circumvent his authority and for having accused him of discrimination.

16. Defendant Dass further told plaintiff that she would not prevail if she reported the matter to the Massachusetts Commission Against Discrimination (hereinafter referred to as MCAD).

17. Defendant C.T. Main, Inc. hired one Malati Ramrattan a female of East Indian origin sometime in January, 1982.

18. The said Malati Ramrattan assumed duties and responsibilities which were similar in nature to those of the plaintiff.

19. Plaintiff was assigned a heavy work load while the said Malati Ramrattan was assigned relatively light duties.

20. Plaintiff was instructed by defendant Melanson to assist the said Ramrattan in her work but plaintiff was not given any part of the credit for said assistance.

21. Defendants, Melanson, Dass and Meehan permitted the said Ramrattan to acquire training as a programmer.

22. Plaintiff was never afforded the same opportunity to train as a programmer by the defendants even though she requested it.

23. Plaintiff is informed, believes and avers that even though she had a heavier work load than the said Malati Ramrattan, that the latter was paid more than she was by defendants.

24. Plaintiff is informed, believes and avers that she was subjected to disparate treatment because of her race and color.

25. On or about 9th June, 1983 defendants Melanson and Meehan informed plaintiff that she was being terminated.

26. The defendants stated that plaintiff was being terminated because of lack of work.

27. Plaintiff is informed, believes and avers that the decision to terminate her contract was based in part on the fact that defendant Dass, had taken a personal dislike to her and because Dass was annoyed that she had complained to Betty Wolfe that he had discriminated against her.

28. Plaintiff is informed, believes and avers that the decision to terminate her contract was also based on the fact that the defendants wanted to retain as an employee the said Malati Ramrattan who is of the same racial extraction as defendant Dass.

29. Defendant C.T. Main, Inc at the instigation of the named defendants and with knowledge that plaintiff had complained to Betty Wolfe of discriminatory treatment at the hands of the defendant Dass and in retaliation for the making of such complaint, in bad faith, maliciously and because of her race and color, terminated plaintiff's contract of employment on or about 9th June, 1983.

30. The named individual defendants and all of them sometime after plaintiff complained to Betty Wolfe about discriminatory treatment, procured the plaintiff's termination from employment with C.T. Main, Inc.

31. Plaintiff, since 9th June, 1983 and for a reasonable time thereafter has remained ready willing and able to perform her duties under the contract.

32. As an immediate and proximate consequence of the conduct of the defendants as above alleged, plaintiff has been unlawfully, illegally, improperly and maliciously deprived of her means of existence and all opportunity to procure work of equal dignity has been foreclosed to her and she has been humiliated and caused to suffer great pain in mind and body.

33. Plaintiff has timely filed a complaint with MCAD and the Equal Employment Opportunity Commission (EEOC) on 14th June, 1983.

34. The EEOC issued a Right to Sue letter on 26th March, 1984.

35. Plaintiff has exhausted her administrative remedies.

CLAIMS FOR RELIEF

COUNT 1

36. Plaintiff re-alleges all the averments contained in paragraphs 6-35 with the same force and effect as if fully set forth herein.

-6-

37. As a result of the foregoing, the named
    individual defendants wrongfully, maliciously,
    in bad faith and because of her race and color
    procured the termination of plaintiff's
    contract of employment with defendant, C.T.
    Main, Inc.

    COUNT 2

38. Plaintiff re-alleges all the averments of paragraphs
    6-35 with the same force and effect as if
    fully set forth herein.

39. As a direct and proximate result of the foregoing,
    defendants  deliberately, maliciously, negligently,
    recklessly and intentionally caused plaintiff to be
    subjected to emotional distress.

    COUNT 3

40. Plaintiff re-alleges all the averments of paragraphs
    6-35 with the same force and effect as if fully
    set forth herein.

41. As a direct and proximate result of the foregoing,
    defendant, C.T. Main, Inc. deliberately, maliciously,
    in bad faith and because of her race and color
    terminated its contract of employment with
    plaintiff in violation of the law of the Commonwealth
    of Massachusetts.

    COUNT 4

42. Plaintiff re-alleges all the averments of paragraphs
    6-35 with the same force and effect as if fully set
    forth herein.

-7-

43. By reason of the foregoing, the defendants and
    all of them in bad faith, maliciously and because
    of the race and color of plaintiff deprived
    plaintiff of her right to the full and equal
    benefit of all proceedings for the security of
    her person and property as enjoyed by white
    citizens in violation of her rights protected
    by the Fourteenth Amendment to the Constitution
    of the United States and by 42 U.S.C. §1981.

COUNT 5

44. Plaintiff re-alleges all the averments of
    paragraphs 6-35 with the same force and effect
    as if fully set forth herein.

45. By reason of the foregoing, defendant, C.T. Main, Inc.
    violated plaintiff's right to Equal Employment
    in violation of Title 7 of The Civil Rights Act
    of 1964.

COUNT 6

46. Plaintiff re-alleges all the averments contained in
    paragraphs 6-35 with the  same force and effect as
    if fully set forth herein.

47. Plaintiff is informed, believes and avers that
    on or prior to 9th June, 1983, in the City of
    Boston, Commonwealth of Massachusetts, the indi-
    vidual defendants and every one of them, in violation
    of 42 U.S.C. §1981, 1985(3), did conspire and agree

among themselves for the purpose of denying
to plaintiff the right to make and enforce
her contract with defendant, C.T. Main, Inc.
for the purpose to denying to plaintiff the
right to the full and equal benefit of all
proceedings for the security of her person
and property in the same manner as is enjoyed
by white citizens, for the purpose of causing or
procuring the termination of the contract of
employment between plaintiff and defendant,
C.T. Main, Inc.

48.  In furtherance of this conspiracy, defendants
and every one of them did or caused to be done
the following acts:

a.  Gave plaintiff an extraordinarily heavy
work load;

b.  Refused plaintiff the opportunity to
pursue computer training which was offered
to a co-worker;

c.  Denied plaintiff the same compensation
which was offered to her co-worker for
a work load which was similar or even
heavier than the said co-worker's;

d.  Subjected plaintiff to a campaign of harassment;

e.  Denied plaintiff a six month review.

49.  COUNT 7

Plaintiff re-alleges all the averments of paragraphs
6-35 with the same force and effect as if
fully set forth herein.

50.  The named defendants and every one of them, having

knowledge of the wrongs conspired to be done as

above alleged and having the power to prevent

or to aid in preventing the commission of the

same, in bad faith, because of the race and color

of the plaintiff, maliciously neglected and/or

refused to do so in violation of 42 U.S.C. § 1986.

COUNT 8

Plaintiff re-alleges all the averments of paragraphs
6-35 with the same force and effect as if fully
set forth herein.

51.  By reason of the foregoing, defendants and all of

them, violated plaintiff's right to employment free

from discrimination based on her race and color in

violation of Massachusetts General Laws Chapter

151B, §4.

52.  As a direct and proximate result of the wrongful

acts of defendants, as above alleged, plaintiff

has suffered actual damages, lost wages, been

subjected to humiliation and embarassment, experienced

pain in mind and body and has been otherwise damaged and prevented from transacting her business.

WHEREFORE, plaintiff demands Judgment against defendants in the sum of $700,000, interest and costs and attorney's fees. Because of the wilful wanton, malicious and racist nature of the actions of the defendants, plaintiff demands punitive damages in the amount of $800,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY.

By her attorney,

Winston Kendall, Esq
KENDALL, JOHNSON & HINES
134 Warren Street
Roxbury, Massachusetts 02119
(617) 442-6130

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK

I, Ruth Anthony first being duly sworn, say
that I am the plaintiff in the above entitled action,
that I have read the foregoing complaint and know
the contents thereof and that the same are true to
my knowledge.

_Ruth Anthony_

Ruth Anthony

Subscribed and sworn before me this 21th day of
May, 1984, under the pains and penalties of perjury.

Winston Kendall
Notary Public