## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

       Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV
TODD, JACQUELINE NEWSTADT, PATTI
SKILES, and COMPUTER SCIENCES
CORPORATION,

       Defendants.

Civil Action No. 03-cv-12423-RWZ

## DEFENDANTS' MOTION TO EXTEND THE SUMMARY JUDGMENT TIMELINE AND TO RESCHEDULE THE SUMMARY JUDGMENT HEARING IN LIGHT OF THE COURT'S FEBRUARY 16, 2005 RULING

Defendants, Computer Sciences Corporation, Ralph Busby, John Butler, Marvin Todd, and

Patricia Skiles (hereinafter "Defendants"), hereby move to extend the deadlines for serving summary

judgment documents and oppositions to summary judgment by thirty (30) days and to reschedule the

summary judgment hearing. In particular, Defendants request that the Court extend the deadline for

filing summary judgment documents from February 28, 2005, to and including Wednesday, March

30, 2005. Defendants also request that the Court extend the deadline for serving any opposition to

summary judgment from March 14, 2005 to Wednesday, April 13, 2005. Finally, Defendants request

that the Court reschedule the summary judgment hearing, which is currently scheduled for March 23,

2005, to a date subsequent to April 13, 2005. The Affidavit of Heather Stepler is filed herewith in

support of this motion. As grounds for this motion, Defendants state that given the Court's

allowance on February 16, 2005 of Computer Sciences Corporation's motion to compel further

discovery, the additional time is necessary for them to obtain supplemental information from Plaintiff and to review that information.  More specifically:

1.      This action arises out of Plaintiff's employment with Computer Sciences Corporation ("CSC").  Plaintiff worked for CSC for several years as a technical writer in the Documentation Group until she voluntarily resigned her position in February 2002.  Plaintiff's voluntary resignation occurred as a result of her refusal to move along with the rest of the Documentation Group to an office building across the street, which was necessary due to space limitations in the building in which she was then working.  In her Complaint, Plaintiff is now calling her voluntary resignation a discharge and alleges that it was based upon her race and color, in violation of M.G.L. c. 151B, §4, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981.  Plaintiff also alleges that she was terminated in retaliation for filing a charge with the Massachusetts Commission Against Discrimination.

2.      As part of their discovery, Defendants served their first request for documents and their first set of interrogatories upon Plaintiff.  Plaintiff served upon Defendants her response to interrogatories and a chart of the documents that she was producing in response to Defendants' document requests, along with responsive documents.

3.      After reviewing Plaintiff's discovery responses, counsel for Defendants noted that Plaintiff had not provided information relating to discrimination claims against prior employers in response to Interrogatory No. 10.  Defendants' counsel also noted that Plaintiff did not provide copies of her tax returns or copies of her mental health records, which had been requested by Defendants in their request for documents.

4.      On January 11, 2005, due to Plaintiff's deficient discovery responses and after Plaintiff was unwilling at her deposition on November 23, 2004 to provide additional information, CSC moved to compel Plaintiff to provide documents responsive to certain document requests and a responsive answer to Interrogatory No. 10.  (See Docket Entry No. 20)   In its motion, CSC specifically sought: (1) an authorization for the release of Plaintiff's income tax returns from 2002 to the present; (2) an authorization for the release of Plaintiff's mental health records from 2001 to the present; and (3) an answer to Interrogatory No. 10 regarding Plaintiff's claim of race discrimination against another employer.  The discovery history outlined above is detailed in CSC's motion to compel and supporting affidavit filed on January 11, 2005.

5.      On January 28, 2005, CSC moved for leave to file a supplemental memorandum and affidavit in support of its motion to compel.  (See Docket Entry No. 23)  CSC filed this motion because it had obtained additional information - a copy of the complaint filed by Plaintiff in connection with a race discrimination claim she brought against another employer - which it believed might assist the Court in ruling on its motion to compel.  (See Docket Entry No. 23)

6.      Plaintiff did not oppose CSC's motion to compel or its motion for leave to file a supplemental memorandum and affidavit.

7.      On February 16, 2005, counsel for Defendants received electronic notice that the Court granted CSC's motion to compel.  (Stepler Aff., ¶ 2 )  The Court's order stated: "If plaintiff fails to answer fully she will be subject to sanctions under Rule 37."  (Stepler Aff., ¶ 2)

8.      On February 16, 2005, after receiving notice that the Court granted CSC's motion to compel, counsel for Defendants sent a letter to Plaintiff regarding the Court's granting of the motion to compel.  (Stepler Aff., Exhibit A)   In order to facilitate Plaintiff's compliance with the Court's Order, Defendants' counsel also sent to Plaintiff a Mental Health Records Authorization and a

Request for Copy of Tax Return form for Plaintiff's signature, as well as a copy of Defendants' Interrogatories.

9.      On December 15, 2004, the Court set deadlines for service of summary judgment documents and oppositions to summary judgment, as well as the date of the summary judgment hearing.  The current deadline for serving summary judgment documents is February 28, 2005 and the current deadline for serving oppositions to summary judgment is March 14, 2005.  The current date of the summary judgment hearing is March 23, 2005.

10.     Defendants request that the deadlines for service of summary judgment documents and oppositions to summary judgment be extended for a period of thirty (30) days and that the Court reschedule the summary judgment hearing in order to allow sufficient time for Plaintiff to comply with the Court's Order.  Defendants also request the extensions in order to allow sufficient time for receipt and review of Plaintiff's mental health records, tax returns for 2002 and 2003, and information about Plaintiff's settlement of her past lawsuit against a former employer prior to serving summary judgment documents.

WHEREFORE, Defendants move the Court to extend by thirty (30) days the deadline for serving summary judgment documents, up to and including March 30, 2005, and the deadline for serving any opposition to summary judgment, up to and including April 13, 2005.  Defendants also move the Court to reschedule the summary judgment hearing to a date subsequent to April 13, 2005.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Defendants hereby certify that they left a voice mail message for Plaintiff on February 17, 2005 regarding conferring about the filing of this motion. Plaintiff did not return Defendants' counsel's call. Accordingly, the issues raised in this motion have not been narrowed.

Respectfully submitted,

COMPUTER SCIENCES CORPORATION,
RALPH BUSBY, JOHN BUTLER, MARVIN
TODD, and PATRICIA SKILES,

/s/ Heather L. Stepler
Joan Ackerstein (BBO# 549872)
Heather L. Stepler (BBO# 654269)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025; Fax: (617) 367-2155

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

This is to certify that on February 18, 2005, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP