UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>Defendants. | Civil Action No. 03-cv-12423-RWZ<br><br>MOTION FOR LEAVE TO FILE GRANTED ON FEBRUARY 25, 2005 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SIGN AUTHORIZATIONS FOR THE RELEASE OF RELEVANT RECORDS AND TO PROVIDE A COMPLETE ANSWER TO AN INTERROGATORY**

Defendant, Computer Sciences Corporation ("CSC"), moved pursuant to Fed. R. Civ. P. 37(a) for an order compelling Plaintiff, Ruth Anthony: (1) to sign an authorization for the release of her federal income tax returns from 2002 to the present; (2) to sign an authorization for the release of her mental health records from 2001 to the present; and (3) to provide an answer to Interrogatory No. 10 regarding Plaintiff's claims brought against other employers, supervisors, or managers. Interrogatory No. 10 asked the following:

> State whether Plaintiff has previously instituted litigation or administrative charges against any other company or other organization by which she has been employed or applied for employment, or against any other individual supervisor or manager under whom she has worked. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way pertains to the information requested in this interrogatory.

Subsequent to filing its motion to compel, CSC obtained from court records copies of a complaint and other documents filed by Plaintiff in connection with a prior lawsuit she brought against a former employer. Particularly due to the remarkable similarity between Plaintiff's previous lawsuit and this action, CSC contends that the Court should compel Plaintiff to provide an answer to Interrogatory No. 10. Thus far, Plaintiff refuses to advise CSC of the amount of the settlement of her prior lawsuit. That is information which could go to Plaintiff's credibility about her current claims and to her need to seek employment. The Affidavit of Heather Stepler is filed herewith in support of CSC's Motion to Compel

### Procedural Background

This action arises out of Plaintiff's employment with Computer Sciences Corporation ("CSC"). Plaintiff worked for CSC from approximately 1997 as a technical writer in the Documentation Group until she refused to relocate to a building several streets away. In her Complaint, Plaintiff calls her refusal to relocate a discharge and alleges that it was based upon her race and color, in violation of M.G.L. c. 151B, §4, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981. Plaintiff also alleges that she was discharged in retaliation for filing a charge with the Massachusetts Commission Against Discrimination.

In her Complaint, Plaintiff specifically alleges that Defendants "conspired and agreed among themselves to deny [P]laintiff the right to make and enforce her employment with CSC." Complaint, ¶ 33. She also alleges that in furtherance of their conspiracy, Defendants:

   a. Gave [P]laintiff an extraordinarily heavy work load.

   b. Consistently rated performance of [P]laintiff while not evaluating co-worker's performance of similarly-situated work.

   c. Refused [P]laintiff the opportunity to pursue training that was offered to a co-worker.

   d. Denied [P]laintiff the same compensation offered a co-worker for a smaller work load of similar-situated work.

2

    e.  Denied [P]laintiff a promotion.

    f.  Subjected [P]laintiff to emotional distress.

    g.  Procured the termination of [P]laintiff's employment with CSC.

Complaint, ¶ 33.

With regard to the alleged co-worker who was allegedly treated better than Plaintiff, Plaintiff claims in her Complaint that Mary Costello[1] was afforded training, project leadership, awards, and a promotion. Complaint, ¶¶ 11, 13. Plaintiff also alleges that she was ordered to assist Ms. Costello with her work, while Plaintiff was given little help with her work. Complaint, ¶ 12. Plaintiff further alleges that she was not afforded the same training opportunities given to Ms. Costello, even though she requested such training. Complaint, ¶ 13.

### Plaintiff's Prior Lawsuit Against A Former Employer

According to the Complaint filed by Plaintiff in connection with <u>Ruth Anthony v. Mukti Dass, et al.</u>, Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 69193, Plaintiff's employment with Charles T. Main, Incorporated ("C.T. Main") began in December 1981, and ended in June 1983 due to lack of work. (Stepler Aff., Ex. A, ¶¶ 6, 25, 26) In her Complaint, Plaintiff alleged that the defendants, including C.T. Main and three co-workers, terminated her employment due to her race and color and caused her to suffer emotional distress. (Stepler Aff, Ex. A, ¶¶ 37, 39, 41). Plaintiff further alleged that the individual defendants "conspired among themselves for the purpose of . . . causing or procuring the termination of the contract of employment between plaintiff and defendant, C.T. Main, Inc." (Stepler Aff., Ex. A, ¶ 47) In furtherance of their alleged conspiracy against her, Plaintiff alleged that the individual defendants:

---

[1] Mary Costello is an employee of Battelle Memorial Institute who worked with Plaintiff as part of the ETMS Documentation Group.

3

    a. Gave [P]laintiff an extraordinarily heavy workload;

    b. Refused [P]laintiff the opportunity to pursue computer training which was offered to a co-worker;

    c. Denied [P]laintiff the same compensation which was offered to her co-worker for a workload which was similar or even heavier than said co-worker's;

    d. Subjected [P]laintiff to a campaign of harassment;

    e. Denied [P]laintiff a six month review.

(Stepler Aff., Ex. A, ¶ 48)

Regarding the co-worker who was allegedly treated better than Plaintiff, Plaintiff alleged in her Complaint that C.T. Main hired a woman of East Indian origin, who assumed duties similar to those of Plaintiff, but was assigned relatively light duties, was given training, and was paid more than Plaintiff. (Stepler Aff., Ex. A, ¶¶ 17, 18, 19, 21, 22, 23) Plaintiff also alleged that she was directed to assist her co-worker with her work, but that Plaintiff was not given credit for the assistance. (Stepler Aff., Ex. A, ¶ 20)

## Discovery Relating To Prior Litigation And Claims Against Other Employers

As part of its discovery, CSC asked Plaintiff in Interrogatory No. 10 to provide information regarding prior litigation or claims which she has brought against other employers. (Ackerstein Aff., Ex. B)[2] Plaintiff objected to the interrogatory, stating "Plaintiff objects to this line of questioning as it has no bearing on the matter at hand." (Ackerstein Aff., Ex. C) At her deposition on November 23, 2004, CSC's counsel learned that Plaintiff brought a race discrimination claim against a former employer. (Plaintiff's Deposition Transcript, p. 32)[3]

---

[2] References to the Ackerstein Affidavit refer to the Affidavit of Joan Ackerstein submitted in support of CSC's motion to compel.

[3] Photocopies of relevant excerpts from the deposition of Plaintiff are attached to the Ackerstein Aff. as <u>Exhibit F</u> and are cited herein as "Plaintiff Tr., p. ___."

Plaintiff, however, refused to answer many of CSC's counsel's questions regarding her prior lawsuit. Although Plaintiff testified that the prior lawsuit settled, she refused to disclose the amount of the settlement. (Plaintiff Tr., p. 32-33) Further, in response to a question as to whether she has brought lawsuits against anyone other than CSC and one other former employer, Plaintiff stated: "No. I don't make it a career of doing that." (Plaintiff Tr., p. 34)

## ARGUMENT

### Due To The Remarkable Similarity Between Plaintiff's Two Race Discrimination Claims Against Former Employers, Plaintiff Should Be Compelled To Provide A Complete Answer To Interrogatory No. 10

As the foregoing description of Plaintiff's two Complaints reveals, Plaintiff's current action against CSC is essentially identical to her prior claim against C.T. Main. Both are race discrimination claims based on alleged disparate treatment between Plaintiff and a female co-worker. Both contain allegations revealing that Plaintiff refused to believe the reasons given for her separation from employment and that Plaintiff is convinced that the individual defendants had been "conspiring" against her.

The similarity between the two suits undermines Plaintiff's credibility regarding her current claim. Additionally, a settlement of the prior claim could lead to a motivation to bring the current case, which CSC has the right to explore. Information regarding a settlement of the prior lawsuit could also provide information relevant to Plaintiff's allegedly fruitless job search and her lack of work between February 2002 and the summer of 2004. Further, CSC is entitled to learn whether Plaintiff has brought any additional claims against employers other than CSC and C.T. Main. Plaintiff should be compelled to provide a complete response to Interrogatory No. 10, including information about the settlement of her prior suit against C.T. Main, in order to

allow CSC to more fully assess Plaintiff's credibility, and possible motive, intent, pattern or plan in bringing the current action.

## Conclusion

For all of the foregoing reasons, as well as the reasons presented in CSC's memorandum in support of the motion to compel, the Court should enter an order directing Plaintiff to fully and adequately answer Interrogatory No. 10.

Respectfully submitted,

COMPUTER SCIENCES CORPORATION

By its attorneys,

/s/ Heather Stepler
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: March 16, 2005

## CERTIFICATE OF SERVICE

This is to certify that on March 16, 2005, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

/s/ Heather Stepler
Jackson Lewis LLP