## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RUTH ANTHONY,

        Plaintiff,

v.

RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,

        Defendants.

Civil Action No. 03-cv-12423-RWZ

MOTION FOR LEAVE TO FILE GRANTED ON FEBRUARY 25, 2005

### AFFIDAVIT OF HEATHER STEPLER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SIGN AUTHORIZATIONS FOR THE RELEASE OF RELEVANT RECORDS AND TO PROVIDE A COMPLETE ANSWER TO AN INTERROGATORY

Heather Stepler, on oath, deposes and says as follows:

1.    I am an associate of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I am involved in the defense of this action.

2.    On January 21, 2005, I went to the Civil Clerk's office at Suffolk County Superior Court and asked the clerk to review the file associated with Ruth Anthony v. Mukti Dass, et al, Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 69193.

3.    I reviewed the file and made a photocopy of the Complaint filed in conjunction with Ruth Anthony v. Mukti Dass, et al. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

Signed under the pains and penalties of perjury this 16th day of March, 2005

/s/ Heather Stepler_____
Heather Stepler

## CERTIFICATE OF SERVICE

This is to certify that on March 16, 2005, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

_____/s/ Heather Stepler_____
Jackson Lewis LLP

# EXHIBIT A

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                   SUPERIOR COURT
                                              C.A. # 69192

RUTH ANTHONY            )
                        )
v.                      )        VERIFIED COMPLAINT
                        )
MUKTI DASS              )
TOM MELANSON            )
WILLIAM MEEHAN          )
C.T.MAIN, INC.          )

PARTIES

1.   Plaintiff, Ruth Anthony is a black female
     citizen of the Commonwealth of Massachusetts
     and lives at 32 Greenwich Park, Boston.

2.   Defendant Mukti Dass is a person of East
     Indian origin.  He was at all times relevant
     to this action an employee of defendant C.T.
     Main, Inc. with a business address at Prudential
     Center, Boston.

3.   Defendant Tom Melanson is a white male citizen
     of the Commonwealth of Massachusetts.  At all
     times relevant to this action he was an employee
     of defendant, C.T. Main, Inc. with a business
     address at Prudential Center, Boston.

4.   Defendant William Meehan is a white male citizen
     of the Commonwealth of Massachusetts. He was at
     all times relevant to this action an employee of

SUFFOLK SUPERIOR C
CIVIL CLERKS OFFICE
FILED

JUN 11 1991

MICHAEL JOSEPH DON
CLERK OF COURT

defendant C.T. Main, Inc with a business address
at Prudential Center, Boston.

5.   Defendant C.T. Main, Inc. is a Corporation
     duly organized under the laws of the Commonwealth
     of Massachusetts with an usual place of
     business at Prudential Center, Boston.

## FACTS

6.   On or about 4th December, 1981, plaintiff assumed
     employment with defendant C.T. Main, Inc at
     Prudential Center, Boston under a contract at
     will.

7.   Plaintiff was informed that she would have a
     review within six months of the date of the
     commencement of her employment.

8.   Upon completion of the first six months of her
     employment, plaintiff approached defendant Meehan
     relative to the said review.

9.   Defendant Meehan advised plaintiff to speak with
     defendant Dass relative to the review.

10.  Defendant Dass informed plaintiff that he had
     spoken to defendant Meehan and that they had
     concluded that they needed a further six months
     before they would give her a review.

11.  Plaintiff told defendant Dass that she thought
     it was unfair that she had to wait for a further
     six months for a review.

12.  Dass upbraided plaintiff because she had complained
     to him and told her that she was free to seek
     work elsewhere.

13.  Plaintiff then spoke to one Betty Wolfe in the
     personnel office and voiced her dissatisfaction
     with the way in which she was treated by defendant
     Dass.

14.  Defendant Dass subsequently called plaintiff into
     his office after she had spoken with Betty Wolfe.

15.  Defendant Dass thereupon reprimanded plaintiff for
     attempting to circumvent his authority and for having
     accused him of discrimination.

16.  Defendant Dass further told plaintiff that she
     would not prevail if she reported the matter to
     the Massachusetts Commission Against Discrimination
     (hereinafter referred to as MCAD).

17.  Defendant C.T. Main, Inc. hired one Malati
     Ramrattan a female of East Indian origin sometime
     in January, 1982.

18.  The said Malati Ramrattan assumed duties and
     responsibilities which were similar in nature
     to those of the plaintiff.

19. Plaintiff was assigned a heavy work load while the said Malati Ramrattan was assigned relatively light duties.

20. Plaintiff was instructed by defendant Melanson to assist the said Ramrattan in her work but plaintiff was not given any part of the credit for said assistance.

21. Defendants, Melanson, Dass and Meehan permitted the said Ramrattan to acquire training as a programmer.

22. Plaintiff was never afforded the same opportunity to train as a programmer by the defendants even though she requested it.

23. Plaintiff is informed, believes and avers that even though she had a heavier work load than the said Malati Ramrattan, that the latter was paid more than she was by defendants.

24. Plaintiff is informed, believes and avers that she was subjected to disparate treatment because of her race and color.

25. On or about 9th June, 1983 defendants Melanson and Meehan informed plaintiff that she was being terminated.

26. The defendants stated that plaintiff was being terminated because of lack of work.

-4-

27. Plaintiff is informed, believes and avers that the decision to terminate her contract was based in part on the fact that defendant Dass, had taken a personal dislike to her and because Dass was annoyed that she had complained to Betty Wolfe that he had discriminated against her.

28. Plaintiff is informed, believes and avers that the decision to terminate her contract was also based on the fact that the defendants wanted to retain as an employee the said Malati Ramrattan who is of the same racial extraction as defendant Dass.

29. Defendant C.T. Main, Inc at the instigation of the named defendants and with knowledge that plaintiff had complained to Betty Wolfe of discriminatory treatment at the hands of the defendant Dass and in retaliation for the making of such complaint, in bad faith, maliciously and because of her race and color, terminated plaintiff's contract of employment on or about 9th June, 1983.

30. The named individual defendants and all of them sometime after plaintiff complained to Betty Wolfe about discriminatory treatment, procured the plaintiff's termination from employment with C.T. Main, Inc.

5

31. Plaintiff, since 9th June, 1983 and for a reasonable time thereafter has remained ready willing and able to perform her duties under the contract.

32. As an immediate and proximate consequence of the conduct of the defendants as above alleged, plaintiff has been unlawfully, illegally, improperly and maliciously deprived of her means of existence and all opportunity to procure work of equal dignity has been foreclosed to her and she has been humiliated and caused to suffer great pain in mind and body.

33. Plaintiff has timely filed a complaint with MCAD and the Equal Employment Opportunity Commission (EEOC) on 14th June, 1983.

34. The EEOC issued a Right to Sue letter on 26th March, 1984.

35. Plaintiff has exhausted her administrative remedies.

CLAIMS FOR RELIEF

COUNT 1

36. Plaintiff re-alleges all the averments contained in paragraphs 6-35 with the same force and effect as if fully set forth herein.

-6-

37. As a result of the foregoing, the named
    individual defendants wrongfully, maliciously,
    in bad faith and because of her race and color
    procured the termination of plaintiff's
    contract of employment with defendant, C.T.
    Main, Inc.

    COUNT 2

38. Plaintiff re-alleges all the averments of paragraphs
    6-35 with the same force and effect as if
    fully set forth herein.

39. As a direct and proximate result of the foregoing,
    defendants deliberately, maliciously, negligently,
    recklessly and intentionally caused plaintiff to be
    subjected to emotional distress.

    COUNT 3

40. Plaintiff re-alleges all the averments of paragraphs
    6-35 with the same force and effect as if fully
    set forth herein.

41. As a direct and proximate result of the foregoing,
    defendant, C.T. Main, Inc. deliberately, maliciously,
    in bad faith and because of her race and color
    terminated its contract of employment with
    plaintiff in violation of the law of the Commonwealth
    of Massachusetts.

    COUNT 4

42. Plaintiff re-alleges all the averments of paragraphs
    6-35 with the same force and effect as if fully set
    forth herein.

-7-

43. By reason of the foregoing, the defendants and
    all of them in bad faith, maliciously and because
    of the race and color of plaintiff deprived
    plaintiff of her right to the full and equal
    benefit of all proceedings for the security of
    her person and property as enjoyed by white
    citizens in violation of her rights protected
    by the Fourteenth Amendment to the Constitution
    of the United States and by 42 U.S.C. §1981.

COUNT 5

44. Plaintiff re-alleges all the averments of
    paragraphs 6-35 with the same force and effect
    as if fully set forth herein.

45. By reason of the foregoing, defendant, C.T. Main, Inc.
    violated plaintiff's right to Equal Employment
    in violation of Title 7 of The Civil Rights Act
    of 1964.

COUNT 6

46. Plaintiff re-alleges all the averments contained in
    paragraphs 6-35 with the  same force and effect as
    if fully set forth herein.

47. Plaintiff is informed, believes and avers that
    on or prior to 9th June, 1983, in the City of
    Boston, Commonwealth of Massachusetts, the indi-
    vidual defendants and every one of them, in violation
    of 42 U.S.C. §1981, 1985(3), did conspire and agree

among themselves for the purpose of denying
to plaintiff the right to make and enforce
her contract with defendant, C.T. Main, Inc.
for the purpose to denying to plaintiff the
right to the full and equal benefit of all
proceedings for the security of her person
and property in the same manner as is enjoyed
by white citizens, for the purpose of causing or
procuring the termination of the contract of
employment between plaintiff and defendant,
C.T. Main, Inc.

48.  In furtherance of this conspiracy, defendants
and every one of them did or caused to be done
the following acts:

a.  Gave plaintiff an extraordinarily heavy
work load;

b.  Refused plaintiff the opportunity to
pursue computer training which was offered
to a co-worker;

c.  Denied plaintiff the same compensation
which was offered to her co-worker for
a work load which was similar or even
heavier than the said co-worker's;

d.  Subjected plaintiff to a campaign of harassment;

e.  Denied plaintiff a six month review.

49. COUNT 7

Plaintiff re-alleges all the averments of paragraphs
6-35 with the same force and effect as if
fully set forth herein.

50. The named defendants and every one of them, having
knowledge of the wrongs conspired to be done as
above alleged and having the power to prevent
or to aid in preventing the commission of the
same, in bad faith, because of the race and color
of the plaintiff, maliciously neglected and/or
refused to do so in violation of 42 U.S.C. § 1986.

COUNT 8

Plaintiff re-alleges all the averments of paragraphs
6-35 with the same force and effect as if fully
set forth herein.

51. By reason of the foregoing, defendants and all of
them, violated plaintiff's right to employment free
from discrimination based on her race and color in
violation of Massachusetts General Laws Chapter
151B, §4.

52. As a direct and proximate result of the wrongful
acts of defendants, as above alleged, plaintiff
has suffered actual damages, lost wages, been
subjected to humiliation and embarassment, experienced

pain in mind and body and has been otherwise

damaged and prevented from transacting her

business.

WHEREFORE, plaintiff demands Judgment against

defendants in the sum of $700,000, interest and costs

and attorney's fees.  Because of the wilful wanton,

malicious and racist nature of the actions of the

defendants, plaintiff demands punitive damages in the

amount of $800,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY.


By her attorney,


Winston Kendall, Esq
KENDALL, JOHNSON & HINES
134 Warren Street
Roxbury, Massachusetts 02119
(617) 442-6130

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK

I, Ruth Anthony first being duly sworn, say
that I am the plaintiff in the above entitled action,
that I have read the foregoing complaint and know
the contents thereof and that the same are true to
my knowledge.

_Ruth Anthony_

Ruth Anthony

Subscribed and sworn before me this 21th day of
May, 1984, under the pains and penalties of perjury.

Winston Kendall
Notary Public