# EXHIBIT P

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

RUTH ANTHONY,

        Plaintiff

    v.                                                          Civil Action No. 03-cv-12423-RWZ

RALPH BUSBY, JOHN BUTLER, MARV
TODD, JACQUELINE NEWSTADT,
PATTI SKILES, and COMPUTER
SCIENCES CORPORATION (CSC),

        Defendants

## ANSWERS TO DEFENDANTS' INTERROGATORIES

### INTERROGATORY 1:

Ruth Anthony, 60 Edgewood Street, Roxbury, MA 02119
October 15, 1952, Boston, MA, Single, 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

### INTERROGATORY 2:

Northeastern University, Boston, MA, 1970 – 1975
Bachelor of Arts, Journalism

Northeastern University, Boston, MA, 1981 – 1984
Certificate, Software Technical Writing

Jewish Vocational Service, Boston, MA, 1996
Certificate, Small Business Administration



Millennium Training Institute, Boston, MA, 12/2003 – 4/2004
Certificate, Medical Office Administration

Boston University Medical School, Boston, MA, 7 – 8/2004
Course, Technical Writing for Clinical Research

### INTERROGATORY 3:

262 Normandy Street, #1, Dorchester, MA 02121

## INTERROGATORY 4:

Adecco Employment, One Post Office Square, Boston, MA
July 12 – July 14, 2004
Temporary, Data Entry Clerk
Entered Excel and Access data at Thompson Corporation
$13.00 per hour, no benefits, involuntary, Beatrix Tambaum

Venturi Staffing Partners, 131 Water Street, Boston, MA
June 7 – June 10, 2004 and June 24 – June 28, 2004
Temporary, Data Entry Clerk
Entered proprietary data at Boston Public Schools
$11.00 per hour, no benefits, involuntary, Tracy Sullivan

Unisys Corporation, Four Cambridge Center, Cambridge, MA
January – October, 1997
Employee, Senior Product Information Analyst
Wrote technical documentation for the Federal Aviation Administration Enhanced Traffic
Management System
$42,000 per year, full benefits, involuntary, Michael Potash

Teradyne, Inc., 180 Lincoln Street, Boston, MA
January – December, 1996
Consultant, Contract Technical Writer
Wrote hardware and software documents for U. S. Air Force B2 series aircraft
$40.00 per hour, no benefits, involuntary, Iris Pollack

Fidelity Investments, 245 Summer Street, Boston, MA
August – December, 1995
Consultant, Contract Technical Writer
Wrote and edited financial instruments
$35.00 per hour, no benefits, involuntary, Danny Sawant

Medical Diagnostics, One Cambridge Center, Cambridge, MA
January – December, 1994
Employee, Technical Writer
Wrote documents for telemedicine information system
$42,000 per year, full benefits, involuntary, Marian McMullen

Lotus Development Corporation, One Rogers Street, Cambridge, MA
March 1992 – April, 1993
Consultant, Contract Writer/Indexer
Wrote database and network administrator guides, edited developer guide, indexed user guide
$30 per hour, no benefits, involuntary, Debbie Stolper

Wang Laboratories, One Industrial Avenue, Lowell, MA
October 1984 – October 1987, Employee, Software Technical Writer
November 1987 - June 1991, Employee, Senior Technical Writer
Wrote customer, technical, and analyst documentation
$27,000 - $38,000 per year, full benefits, involuntary, James Kirkpatrick

Chas. T. Main, Inc., 101 Huntington Avenue, Boston, MA
October 1981 – June 1983
Employee, Technical Writer
Wrote software documents developed for the Massachusetts Bay Transportation Authority,
Boston Accessing Department, and a South African pulp and paper mill
$18,000 per year, full benefits, involuntary, Thomas Melanson

Massachusetts Department of Public Works (DPW), 100 Nashua Street, Boston, MA
July 1976 – July 1980
Provisional Employee, Planning Assistant
August 1980 – September 1981, Provisional Employee, Transportation Planner
Developed and maintained Management Information System of state highways and bridges
$12,000 - $15, 000 per year, full benefits, involuntary, Thomas Richardson

Massachusetts Department of Administration and Finance
One Ashburton Place, Boston, MA
March – May 1980
On Loan for Special Project, Specifications Writer
Wrote job descriptions for U.S. Civil Service Commission and Massachusetts Legislative Joint
Transportation Committee proposal, received regular pay and full benefits from DPW,
occasional hourly overtime pay, involuntary, James Hartnett

Municipal Court of the Roxbury District, 85 Warren Street, Roxbury, MA
September 1974 – March 1974
Co-Op Student Employee, Senior Clerk
September 1975 – July 1976, Employee, Senior Clerk
Processed documents for criminal business in the Clerk's Office
$8,000 - $10,000 per year, full benefits, voluntary, Detective Frederick McLean

Boston Globe, 185 Morrissey Blvd., Dorchester, MA
June 1972 – June 1974
Co-Op Student Employee, Aide-to-the-Editor
Prepared correspondence, scheduled interviews, answered telephone calls, monitored and
delivered wire services copy
$8,000 per year, partial benefits, voluntary, Jack Driscoll

## INTERROGATORY 5:

Senior Member of Technical Staff, November 1998, $42,000, Michael Potash,
55 Broadway, Cambridge, MA
Dorchester, MA

Senior Member of Technical Staff, March 1999, $44,000, Michael Potash,
55 Broadway, Cambridge, MA
Roxbury, MA

Senior Member of Technical Staff, March 2000, $46,000, Marv Todd,
55 Broadway, Cambridge, MA
Roxbury, MA

Senior Member of Technical Staff, March 2001, $48,000, Marv Todd,
55 Broadway, Cambridge, MA
Roxbury, MA

Senior Member of Technical Staff, February 2002, $51,000, Marv Todd,
55 Broadway, Cambridge, MA
Roxbury, MA

## INTERROGATORY 6:

Defendant Ralph Busby was CSC director of the Technical Support Services Contract at the
Volpe National Transportation Systems Center in Cambridge, MA.

Defendant John Butler was Plaintiff's Department Senior Manager.

Defendant Marvin Todd was Plaintiff's Supervisor.

Defendant Patti Skiles was the CSC Human Resources Representative.

Defendant Jacqueline Newstadt was employed by and represented CSC at the MCAD hearing.

## INTERROGATORY 7:

More concerned about principle, truth, and professional integrity, Plaintiff cannot put a price
on damages and requests a jury determination.

## INTERROGATORY 8:

No expert witnesses will testify for Plaintiff.

## INTERROGATORY 9:

Plaintiff does not recall the names, addresses, contacts, and dates of each potential employer.

Since February 2002, Plaintiff's job search included searching and applying for jobs on the Massachusetts Department of Employment and Training (DET) and other government/company websites.

From her memory, Plaintiff visited and completed applications at the following Boston locations:

The Work Place, 99 Chauncey Street
Career Connections, 1010 Harrison Avenue
Roxbury Resource Center, 2201 Washington Street
Jewish Vocational Services, 29 Temple Place
Millennium Training Institute, 263 Summer Street
Total Clerical Services, 8 Winter Street
Venturi Staffing Partners, 134 Water Street
Adecco Employment, One Post Office Square
Creative Financial Staffing,155 Federal Street.

Plaintiff does not retain documents reflecting her job searches.

## INTERROGATORY 10:

Plaintiff objects to this line of questioning as it has no bearing on the matter at hand.

## INTERROGATORY 11:

Upon termination from Computer Sciences Corporation February 7, 2002, Plaintiff applied for unemployment benefits from the Massachusetts Department of Employment and Training. When Plaintiff's application was denied, Plaintiff appealed the decision. In April 2002, the decision was overturned. Plaintiff received approximately $20,000 in unemployment compensation in 2002.

## INTERROGATORY 12:

Peggy Dolan, Clinical Therapist, MSW
Boston Medical Center Behavioral Services, Boston
March, May, September, December 2002
Plaintiff received counseling for distraught feelings due to unemployment, worthiness, and financial crisis.

Dr. Ugazara, Psychiatrist, MD, PhD
Boston Medical Center Behavioral Services, Boston
June 2002
Plaintiff complained of emotional distress, was tested and diagnosed with severe depression. Diet, exercise, and medication were recommended.

Dr. Anna Fitzgerald, MD, PhD
Boston Medical Center Behavioral Services, Boston
January, April, June, December 2003, March and July 2004
Having tried diet and exercise, yet still depressed, fearful of being alone, unemployed and looking for work at 50, and in debt, Plaintiff was prescribed and continues to take medication.

Plaintiff applied for and received free medical care at Boston Medical Center.

## INTERROGATORY 13:

Plaintiff told CSC Defendants Marv Todd and John Butler that she was being treated unfairly on the Enhanced Traffic Management Team. Defendants ignored Plaintiff's remarks.

## INTERROGATORY 14:

January – May 2000, Plaintiff received $3,707.99 per month from CSC employment.
June – December 2000, Plaintiff received $3,874.66 per month from CSC employment.
January – May 2001, Plaintiff received $3,874.66 per month from CSC employment.
June – December 2001, Plaintiff received $4,041.32 per month from CSC employment.
January – February 2002, Plaintiff received $4,041.32 per month from CSC employment.
February – October 2002, Plaintiff received $484 per week from DET unemployment compensation.
November 2002 – Present, Plaintiff received about $500 income.

Respectfully submitted,

*Ruth Anthony*

Ruth Anthony, Pro Se
60 Edgewood Street, Roxbury, MA 02119
(617) 445-5889

## CERTIFICATE OF SERVICE

This is to certify that on July 29, 2004, a copy of the foregoing document was delivered by first-class mail to Attorney Joan Ackerstein, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

*Ruth Anthony*

Ruth Anthony

# EXHIBIT Q

## Stepler, Heather (BOS)

**From:**      ECFnotice@mad.uscourts.gov
**Sent:**      Wednesday, February 16, 2005 12:07 PM
**To:**        CourtCopy@mad.uscourts.gov
**Subject:**   Activity in Case 1:03-cv-12423-RWZ Anthony v. Busby "Order on Motion to Compel"


\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 2/16/2005 at 12:07 PM EST and filed on 2/15/2005

#ident 'rcsid=\\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\\$'
Case Name: Anthony v. Busby
Case Number: 1:03-cv-12423 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?89519

Document Number:
Copy the URL address from the line below into the location bar of your Web browser to view
the document:

Docket Text:
Judge Rya W. Zobel : endorsedORDER entered granting [20] Motion to Compel. If plaintiff
fails to answer fully she will be subject to sanctions under Rule 37.    (Urso, Lisa)

The following document(s) are associated with this transaction:


<!-- rcsid='\\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \\$' -->
1:03-cv-12423 Notice will be electronically mailed to:
Joan I. Ackerstein                              ackerstj@jacksonlewis.com,
carpentc@jacksonlewis.com

Heather L. Stepler                              steplerh@jacksonlewis.com,
mileyk@jacksonlewis.com


1:03-cv-12423 Notice will not be electronically mailed to:
Ruth Anthony
60 Edgewood Street
Roxbury, MA 02119

# EXHIBIT R

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>     Plaintiff<br><br>   v.<br>RALPH BUSBY, JOHN BUTLER, MARV<br>TODD, JACQUELINE NEWSTADT,<br>PATTI SKILES, and COMPUTER<br>SCIENCES CORPORATION (CSC),<br><br>     Defendants | Civil Action No. 03-cv-12423-RWZ |

## ANSWER TO DEFENDANTS' INTERROGATORY #10

According to the most recent Equal Employment Opportunity Commission records, Computer Sciences Corporation is not the only employer that has been charged with practicing discrimination against targeted employees. Over 20 years ago, Plaintiff hired an attorney to file a discrimination complaint against previous employer, Charles T. Main, Inc. in Suffolk Superior Court, as described in Exhibit A of the document titled <u>Affidavit of Heather Stepler in Support of Defendant's Motion to Compel Plaintiff to Sign Authorizations For the Release of Relevant Records and to Provide a Complete Answer to An Interrogatory</u>, dated January 2005.

As far as Plaintiff can recall, Case #69193, *Ruth Anthony v. Mukti Dass, et al.* was eventually dismissed. After discovery proved Plaintiff's allegations were true, Plaintiff settled for back pay minus unemployment benefits because Plaintiff had been laid off rather than discharged, received severance pay, and obtained another job in her field within a reasonable amount of time. In the end, Plaintiff did not receive any money and swore to herself and God never to think about or discuss the case again.

Now swears Ruth Anthony under pains and perjury on this 14th day of March, 2005 that the foregoing answer is true.

Respectfully submitted,

*Ruth Anthony*

Ruth Anthony

# EXHIBIT S

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                    SUPERIOR COURT
                               C.A. #  69193

RUTH ANTHONY        )
                    )
v.                  )          VERIFIED COMPLAINT
                    )
MUKTI DASS          )
TOM MELANSON        )
WILLIAM MEEHAN      )
C.T.MAIN, INC.      )


PARTIES

1.   Plaintiff, Ruth Anthony is a black female
     citizen of the Commonwealth of Massachusetts
     and lives at 32 Greenwich Park, Boston.

2.   Defendant Mukti Dass is a person of East
     Indian origin.  He was at all times relevant
     to this action an employee of defendant ,C.T.
     Main, Inc. with a business address at Prudential
     Center, Boston.

3.   Defendant Tom Melanson is a white male citizen
     of the Commonwealth of Massachusetts.  At all
     times relevant to this action he was an employee
     of defendant, C.T. Main,Inc. with a business
     address at Prudential Center, Boston.

4.   Defendant William Meehan is a white male citizen
     of the Commonwealth of Massachusetts. He was at
     all times relevant to this action an employee of

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

JAN 11 1984

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

defendant, C.T. Main, Inc with a business address
at Prudential Center, Boston.

5.  Defendant C.T. Main, Inc. is a Corporation
    duly organized under the laws of the Commonwealth
    of Massachusetts with an usual place of
    business at Prudential Center, Boston.

## FACTS

6.  On or about 4th December, 1981, plaintiff assumed
    employment with defendant, C.T. Main, Inc at
    Prudential Center, Boston under a contract at
    will.

7.  Plaintiff was informed that she would have a
    review within six months of the date of the
    commencement of her employment.

8.  Upon completion of the first six months of her
    employment, plaintiff approached defendant Meehan
    relative to the said review.

9.  Defendant Meehan advised plaintiff to speak with
    defendant Dass relative to the review.

10. Defendant Dass informed plaintiff that he had
    spoken to defendant Meehan and that they had
    concluded that they needed a further six months
    before they would give her a review.

11. Plaintiff told defendant Dass that she thought it was unfair that she had to wait for a further six months for a review.

12. Dass upbraided plaintiff because she had complained to him and told her that she was free to seek work elsewhere.

13. Plaintiff then spoke to one Betty Wolfe in the personnel office and voiced her dissatisfaction with the way in which she was treated by defendant Dass.

14. Defendant Dass subsequently called plaintiff into his office after she had spoken with Betty Wolfe.

15. Defendant Dass thereupon reprimanded plaintiff for attempting to circumvent his authority and for having accused him of discrimination.

16. Defendant Dass further told plaintiff that she would not prevail if she reported the matter to the Massachusetts Commission Against Discrimination (hereinafter referred to as MCAD).

17. Defendant C.T. Main, Inc. hired one Malati Ramrattan a female of East Indian origin sometime in January, 1982.

18. The said Malati Ramrattan assumed duties and responsibilities which were similar in nature to those of the plaintiff.

19. Plaintiff was assigned a heavy work load while the said Malati Ramrattan was assigned relatively light duties.

20. Plaintiff was instructed by defendant Melanson to assist the said Ramrattan in her work but plaintiff was not given any part of the credit for said assistance.

21. Defendants, Melanson, Dass and Meehan permitted the said Ramrattan to acquire training as a programmer.

22. Plaintiff was never afforded the same opportunity to train as a programmer by the defendants even though she requested it.

23. Plaintiff is informed, believes and avers that even though she had a heavier work load than the said Malati Ramrattan, that the latter was paid more than she was by defendants.

24. Plaintiff is informed, believes and avers that she was subjected to disparate treatment because of her race and color.

25. On or about 9th June, 1983 defendants Melanson and Meehan informed plaintiff that she was being terminated.

26. The defendants stated that plaintiff was being terminated because of lack of work.

27.  Plaintiff is informed, believes and avers that
     the decision to terminate her contract was
     based in part on the fact that defendant Dass,
     had taken a personal dislike to her and because
     Dass was annoyed that she had complained to
     Betty Wolfe that he had discriminated against
     her.

28.  Plaintiff is informed, believes and avers that
     the decision to terminate her contract was also
     based on the fact that the defendants wanted
     to retain as an employee the said Malati Ramrattan
     who is of the same racial extraction as defendant
     Dass.

29.  Defendant C.T. Main, Inc at the instigation of
     the named defendants and with knowledge that
     plaintiff had complained to Betty Wolfe of
     discriminatory treatment at the hands of the defendant
     Dass and in retaliation for the making of such
     complaint, in bad faith, maliciously and because of
     her race and color, terminated plaintiff's contract
     of employment on or about 9th June, 1983.

30.  The named individual defendants and all of them
     sometime after plaintiff complained to Betty
     Wolfe about discriminatory treatment, procured the
     plaintiff's termination from employment with C.T.
     Main, Inc.

31.  Plaintiff, since 9th June, 1983 and for a
     reasonable time thereafter has remained ready
     willing and able to perform her duties under
     the contract.

32.  As an immediate and proximate consequence
     of the conduct of the defendants as above alleged,
     plaintiff has been unlawfully, illegally, improperly
     and maliciously deprived of her means of
     existence and all opportunity to procure work of
     equal dignity has been foreclosed to her and she
     has been humiliated and caused to suffer great
     pain in mind and body.

33.  Plaintiff has timely filed a complaint with
     MCAD and the Equal Employment Opportunity
     Commission (EEOC) on 14th June, 1983.

34.  The EEOC issued a Right to Sue letter on
     26th March, 1984.

35.  Plaintiff has exhausted her administrative
     remedies.

                    CLAIMS FOR RELIEF

COUNT 1

36.  Plaintiff re-alleges all the averments contained
     in paragraphs 6-35 with the same force and
     effect as if fully set forth herein.

                          -6-

37. As a result of the foregoing, the named individual defendants wrongfully, maliciously, in bad faith and because of her race and color procured the termination of plaintiff's contract of employment with defendant, C.T. Main, Inc.

COUNT 2

38. Plaintiff re-alleges all the averments of paragraphs 6-35 with the same force and effect as if fully set forth herein.

39. As a direct and proximate result of the foregoing, defendants deliberately, maliciously, negligently, recklessly and intentionally caused plaintiff to be subjected to emotional distress.

COUNT 3

40. Plaintiff re-alleges all the averments of paragraphs 6-35 with the same force and effect as if fully set forth herein.

41. As a direct and proximate result of the foregoing, defendant, C.T. Main, Inc. deliberately, maliciously, in bad faith and because of her race and color terminated its contract of employment with plaintiff in violation of the law of the Commonwealth of Massachusetts.

COUNT 4

42. Plaintiff re-alleges all the averments of paragraphs 6-35 with the same force and effect as if fully set forth herein.

-7-

43. By reason of the foregoing, the defendants and
    all of them in bad faith, maliciously and because
    of the race and color of plaintiff deprived
    plaintiff of her right to the full and equal
    benefit of all proceedings for the security of
    her person and property as enjoyed by white
    citizens in violation of her rights protected
    by the Fourteenth Amendment to the Constitution
    of the United States and by 42 U.S.C. §1981.

    COUNT 5

44. Plaintiff re-alleges all the averments of
    paragraphs 6-35 with the same force and effect
    as if fully set forth herein.

45. By reason of the foregoing, defendant, C.T. Main, Inc.
    violated plaintiff's right to Equal Employment
    in violation of Title 7 of The Civil Rights Act
    of 1964.

    COUNT 6

46. Plaintiff re-alleges all the averments contained in
    paragraphs 6-35 with the  same force and effect as
    if fully set forth herein.

47. Plaintiff is informed, believes and avers that
    on or prior to 9th June, 1983, in the City of
    Boston, Commonwealth of Massachusetts, the indi-
    vidual defendants and every one of them, in violation
    of 42 U.S.C. §1981, 1985(3), did conspire and agree

among themselves for the purpose of denying
to plaintiff the right to make and enforce
her contract with defendant, C.T. Main, Inc.
for the purpose to denying to plaintiff the
right to the full and equal benefit of all
proceedings for the security of her person
and property in the same manner as is enjoyed
by white citizens, for the purpose of causing or
procuring the termination of the contract of
employment between plaintiff and defendant,
C.T. Main, Inc.

48. In furtherance of this conspiracy, defendants
and every one of them did or caused to be done
the following acts:

a.    Gave plaintiff an extraordinarily heavy
      work load;

b.    Refused plaintiff the opportunity to
      pursue computer training which was offered
      to a co-worker;

c.    Denied plaintiff the same compensation
      which was offered to her co-worker for
      a work load which was similar or even
      heavier than the said co-worker's;

d.    Subjected plaintiff to a campaign of harassment;

e.    Denied plaintiff a six month review.

-9-

49.    COUNT 7

Plaintiff re-alleges all the averments of paragraphs 6-35 with the same force and effect as if fully set forth herein.

50.    The named defendants and every one of them, having knowledge of the wrongs conspired to be done as above alleged and having the power to prevent or to aid in preventing the commission of the same, in bad faith, because of the race and color of the plaintiff, maliciously neglected and/or refused to do so in violation of 42 U.S.C. § 1986.

COUNT 8

Plaintiff re-alleges all the averments of paragraphs 6-35 with the same force and effect as if fully set forth herein.

51.    By reason of the foregoing, defendants and all of them, violated plaintiff's right to employment free from discrimination based on her race and color in violation of Massachusetts General Laws Chapter 151B, §4.

52.    As a direct and proximate result of the wrongful acts of defendants, as above alleged, plaintiff has suffered actual damages, lost wages, been subjected to humiliation and embarassment, experienced

-10-

pain in mind and body and has been otherwise damaged and prevented from transacting her business.

WHEREFORE, plaintiff demands Judgment against defendants in the sum of $700,000, interest and costs and attorney's fees. Because of the wilful wanton, malicious and racist nature of the actions of the defendants, plaintiff demands punitive damages in the amount of $800,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY.

I HEREBY ATTEST AND CERTIFY ON
3-11-05, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY

By her attorney,

Winston Kendall, Esq
KENDALL, JOHNSON & HINES
134 Warren Street
Roxbury, Massachusetts 02119
(617) 442-6130

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK


      I, Ruth Anthony first being duly sworn, say that I am the plaintiff in the above entitled action, that I have read the foregoing complaint and know the contents thereof and that the same are true to my knowledge.


*Ruth Anthony*

Ruth Anthony



      Subscribed and sworn before me this 27th day of May, 1984, under the pains and penalties of perjury.



Winston Kendall
Notary Public