UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>Plaintiff<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION (CSC),<br><br>Defendants | Civil Action No. 03-CV-12423-RWZ |

## MEMORANDUM RESISTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS

In the above referenced matter, Plaintiff Ruth Anthony submits this memorandum of law resisting Defendants' Motion for Summary Judgment.

### Introduction

Plaintiff filed this civil action November 21, 2003 after exhausting all other administrative remedies regarding the dismissal of her Massachusetts Commission Against Discrimination (MCAD) complaint #01130870 and Equal Employment Opportunity Commission (EEOC) complaint #16CA11320 against Computer Sciences Corporation (CSC) and its management. As a Senior Member of the Technical Staff, Plaintiff worked for CSC documenting the Federal Aviation Administration's Enhanced Traffic Management System (ETMS) from November 1, 1997 until February 7, 2002.

CSC terminated Plaintiff's employment as a pretext of discrimination and in retaliation for Plaintiff filing the complaint. CSC said that Plaintiff abandoned her job and refused to

move to another building; however, Plaintiff merely questioned the move and cited it as yet another form of disparate treatment because she would be the only employee moving.

Plaintiff was informed that she would be moving from the U.S. Department of Transportation (DOT) Volpe Center. Located at 55 Broadway in Cambridge, MA to 5 Cambridge Center in Cambridge, by other employees, some of whom she did not even know. Plaintiff therefore initiated a series of communication with her supervisor, Marvin Todd and department manager, John Butler. Although Plaintiff's discrimination complaints were pending, Plaintiff believed that she was empowered to voice her opinion and concerns about the move after Mr. Butler implied that a consensus would be taken. Instead, Jacqueline Newstead called Plaintiff on January 17, 2002 and said if Plaintiff did not like the idea of moving, she should leave. On February 7, 2002, Mr. Butler and human resources representative Patti Skiles presented Plaintiff with a letter about Plaintiff's conversation with Ms. Newstead. Mr. Butler and Ms. Skiles proceeded to collect all Volpe Center and CSC property in Plaintiff's possession. After having Plaintiff sign documents confirming her current address where her final check would be mailed and that she had returned the requested property, Ms. Skiles escorted Plaintiff out of the building.

Plaintiff's pro se complaint contains four major claims: (1) Defendants engaged in race discrimination by denying Plaintiff benefits afforded white co-workers and ultimately terminating her employment in violation of M.G.L. c.151B s.4, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. s.1981, (2) Plaintiff was discharged in retaliation for filing a discrimination complaint in violation of M.G.L. c.151B s.4, (3) CSC failed to rehire Plaintiff after she applied for a technical writer position that was advertised on the internet in March

2003, and (4) Plaintiff's character and professional credibility was defamed by CSC falsely stating that Plaintiff abandoned her job.

Plaintiff opposes summary judgment on all counts due to logical and factual reasons surrounding the Plaintiff's termination.

## ARGUMENT

I. **Summary Judgment Standard**

Several material facts are disputed in this matter. Summary Judgment should fail and a trial with jury is requested to determine the facts and assess economic damages, including loss and potential wages as well as punitive damages that should be awarded to the Plaintiff for emotional distress. Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed. 2d 59, 104 S. Ct. 2229 (1984) citing Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). **(1)**

"To survive Summary Judgment, there must be sufficient evidence in favor of an opposing party to support a jury verdict." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1985) **(2)**. A breach of Article 14, Right to Freedom of Expression, was made when CSC violated Plaintiff's due process and free speech regarding her training, performance reviews, promotion, and location. By removing Plaintiff from the ETMS team and finally terminating her, CSC retaliated against Plaintiff for also questioning postings of job openings, job titles and descriptions of herself and other team members, and CSC's working relationship with its subcontractors. Other people working on the ETMS project, in similar circumstances, to develop documentation were treated differently; whereas Plaintiff was the only one being

moved. The unlawful decision to decentralize the documentation group was discriminatory because the move was conspired by Defendants as a pretext to discrimination and in retaliation for the complaint filed against CSC. Summary Judgment is appropriate under Rule 56(e) only when the moving party has met its initial burden of Production under Rule 56(c) and Defendants failed to produce documents and answer interrogatories requested by Plaintiff to support factual allegations.

## II.   Plaintiff Opposes Summary Judgment of Discriminatory Discharge

Plaintiff is an black African-American woman who filed a *prima facie* case of race discrimination against CSC, who may show that its so-called legitimate nondiscriminatory reason for moving, was in itself, discriminatory and was a means to downgrade Plaintiff's position and eventually be rid of her. Summary Judgment should fail and a jury trial would bring about a balanced and impartial component as to Plaintiff's alleged refusal to move. See Crawford v. Runyon, 37 f. 3d 1338, 1341 (8th Cir. 1994) **(3)**, which explains that "because discrimination cases often depend on inferences rather than on direct evidence, Summary Judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant.

## III.   Plaintiff Opposes Summary Judgment of Discriminatory Treatment

ETMS technical writer Mary Costello was named as a valid comparator in Plaintiff's discrimination claim because Ms. Costello was the only other person known to Plaintiff that was working in the documentation group with Plaintiff at that time. Ms. Costello was also Plaintiff's *defacto* supervisor and a co-employee of CSC. Plaintiff could also be compared to the rest of the ETMS team, which consisted of CSC employees and subcontractors who were

4

considered co-employees of CSC. Everyone was responsible for developing some form of documentation. The major difference was that everyone except Plaintiff was also involved in computer programming techniques. The idea that Plaintiff could not be compared to anyone else is also discriminatory. An unlawful employment practice is established when the complaining party demonstrates that race was a motivating factor for any employment practice even though other factors also motivated the practice. See <u>Desert Palace, Inc. v. Costa, No. 02-679, 299 F. 3d 838, 539 U.S.</u> **(4)** It is "unlawful for employers to discriminate because employees opposed a practice made unlawful or made a change." See <u>29 U.S.C. 623(d)</u> and <u>s.107 of the 1991 C.R.A., 42 U.S.C., s.2000(e)-2(m) and 2000-5(2)(B)</u> **(5)**.

Plaintiff avoids Summary Judgment "either by presenting evidence that the employment reason is pretextual, i.e. unworthy of belief or by otherwise introducing evidence of a discriminating motive. See <u>Danville v. Regional Lab Corp., 292 F. 3d, 1246, 1250 (10th Cir. 2001.)</u> **(6)** A pattern of disciplinary action, performance reviews, exclusion, and denial of due process raises controversy over intent. Any inference regarding controversy over credibility or intent should be made in Plaintiff's favor.

IV.   **<u>Plaintiff Opposes Summary Judgment of Retaliation</u>**

Plaintiff can prove a *prima facie* case of retaliation and show that when CSC terminated her employment, she suffered from an adverse employment action. Plaintiff's training, job performance, salary, and ultimately her job, were adversely affected by employment decisions. See <u>EEOC v. Horizons/CMS Healthcare Corp., 220 F. 3d 1184, 1195 & nn. 6-7 (10th Cir. 2000)</u> **(7)** to suggest that Plaintiff need only raise inference of discrimination for retaliation.

V.   **Plaintiff Opposes Summary Judgment of Failure To Hire**

Plaintiff has the right to present evidence showing that the employer's reason for rejection was pretexual. See <u>McDonnell Douglas, 411 U.S., s.802 and s.807</u> **(8)**.

CSC claims that it did not receive Plaintiff's resume for an advertised technical writer position in May 2003 and hired someone "with greater skills and education" and "a broader range of technical skills than Plaintiff." These are subjective qualifiers. Having a B.S. from Boston College and a Masters degree in Technical Writing from Northeastern University does not constitute as being more qualified for the job than Plaintiff.

CSC's failure to rehire Plaintiff was retaliatory. Plaintiff could not afford and was not required to wait two or more years for MCAD to make another decision on a new or amended complaint.

VI.   **Plaintiff Opposes Summary Judgment of Individual Defendants**

The individual defendants, including Ralph Busby, John Butler, Marvin Todd, Jacqueline Newstead, and Patti Skiles should be held accountable for their actions on behalf of CSC. Racist attitudes and discriminatory actions will continue to prevail within CSC and other companies by allowing individuals such as these, free reign. All the defendants conspired against the Plaintiff and were well aware of their intentions. Sec. 1985(3) prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person...of equal protection of the laws, or of equal privileges & immunities under the laws." See <u>420 S.C.S. 1985 (3.)</u> **(9)**

6

## VII. <u>Failure to Exhaust Remedies</u>

When Plaintiff filed a complaint with MCAD on April 2, 2001, she did not know Jacqueline Newstead and then had limited contact with Ralph Busby and Patti Skiles.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment on all counts of this complaint.

Respectfully Submitted,

*Ruth Anthony*

Ruth Anthony, Pro Se
60 Edgewood Street, Roxbury, MA 02119
617-445-5889

## CERTIFICATE OF SERVICE

This is to certify that on May 20, 2005, a copy of the foregoing document was delivered by first-class mail to Attorney Joan Ackerstein, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

*Ruth Anthony*
Ruth Anthony
60 Edgewood Street
Roxbury, MA 02119
617-445-5889