UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>Plaintiff<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION (CSC),<br><br>Defendants | Civil Action No. 03-CV-12423-RWZ |

## PLAINTIFF'S RESPONSE TO STATEMENTS OF MATERIAL FACTS

In the above referenced matter, Plaintiff Ruth Anthony hereby responds to the Rule 56.1 Statement of Material Facts Not in Dispute noted in Defendants' Motion for Summary Judgment.

### Parties

1. Plaintiff agrees with the CSC description.

2. Plaintiff qualifies that she was employed as a Senior Member of the Technical Staff, whose function was that of a Technical Writer. Plaintiff qualifies that her performance reviews and salary increases were positive; whereas, Plaintiff and CSC disagreed on what is considered as positive.

3. Plaintiff qualifies that she was unaware of Marvin Todd's exact title and states that he had several titles during the five years that she knew him. Plaintiff qualifies that Mr. Todd supervised the entire ETMS team, which included other groups as well as the documentation group.

1

4. Plaintiff agrees with John Butler's descriptions.

5. Plaintiff agrees with Ralph Busby's descriptions.

6. Plaintiff was unaware of the exact title of Patti Skiles. Plaintiff knew Ms. Skiles as the CSC Human Resources Representative (HR Rep).

### The Volpe Contract

7. Plaintiff agrees with the CSC Federal Sector description.

8. Plaintiff is unaware of the CSC Civil Group's locations, structure, and contracts.

9. Plaintiff agrees that CSC assumed the Volpe contract in 1997 but is unaware of the other companies' relationships with CSC and the Volpe contracts.

### Plaintiff's Hiring By CSC

10. Plaintiff qualifies that from January to October 1997, Plaintiff worked as a Senior Product Information Analyst for Unisys Corp. in a Technical Writer capacity. Plaintiff agrees with the location.

11. Plaintiff agrees.

12. Plaintiff agrees.

### The Documentation Group

13. Plaintiff qualifies that the documentation group, as all other groups, was transparent on ETMS and the Volpe contract; and any employees from other companies were considered co-employees of CSC.

14. Plaintiff disagrees that CSC has the ability to set terms and conditions of employment only for its own employees.

15. Plaintiff disagrees.

16. Plaintiff qualifies that her first review in March 1998 was favorable in that she received a "Very Good" performance review; yet, she got no raise that year but, rather, money to cover costs of riding public transportation to/from work.

17. Plaintiff agrees.

18. Plaintiff agrees.

19. Plaintiff agrees.

20. Plaintiff disagrees with the annual salary increases.

### The Relocation to 5 Cambridge Center

21. Plaintiff disagrees.

22. Plaintiff disagrees.

23. Plaintiff qualifies that she initiated the email.

24. Plaintiff agrees.

25. Plaintiff qualifies that she did not know the author of the January 9, 2002 email.

26. Plaintiff agrees.

27. Plaintiff qualifies that she sent the January 17, 2002 email to Mr. Butler, asking if there was an alternative to her moving and he did not respond.

28. Plaintiff qualifies that Jacqueline Newstead said if Plaintiff did not want to move that Plaintiff should find another job and that Ms. Newstead would consider Plaintiff to have abandoned her job.

29. Plaintiff qualifies that she summarized her telephone conversation with Ms. Newstead in an email because Plaintiff knew Ms. Newstead to misinterpret information and have her own negative perception of Plaintiff.

30. Plaintiff disagrees.

31. Plaintiff disagrees.

32. Plaintiff disagrees.

33. Plaintiff disagrees.

### Plaintiff's Posting of a Resume in 2003

34. Plaintiff agrees.

35. Plaintiff is unaware of how CSC resumes are handled.

36. Plaintiff agrees.

37. Plaintiff is unaware of who CSC hired.

### Plaintiff's Charge of Discrimination

38. Plaintiff disagrees.

39. Plaintiff disagrees.

40. Plaintiff disagrees.

### Plaintiff's Prior Complaint

41. Plaintiff agrees.

42. Plaintiff qualifies that she provided all information about the 20-year old case truthfully, to the best of her knowledge and recollection.

Respectfully Submitted,

*Ruth Anthony*

Ruth Anthony, Pro Se
60 Edgewood Street, Roxbury, MA 02119
617-445-5889

## CERTIFICATE OF SERVICE

This is to certify that on May 20, 2005, a copy of the foregoing document was delivered by first-class mail to Attorney Joan Ackerstein, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

*Ruth Anthony*

Ruth Anthony
60 Edgewood Street
Roxbury, MA 02119
617-445-5889