UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>Plaintiff<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION (CSC),<br><br>Defendants | Civil Action No. 03-CV-12423-RWZ |

## STATEMENT OF FACTS IN DISPUTE AND ADDITIONAL FACTS

In the above referenced matter, Plaintiff Ruth Anthony submits this statement of disputed and additional facts in opposition to statements #14, 15, 20, 21, 22, 30, 31, 32, 33, 38, 39 and 40 of Defendants' Motion for Summary Judgment. This statement supplements Plaintiff's Response to Statements of Material Facts.

### The Documentation Group

14. As Lead Contractor on the Volpe Center Technical Support Services Contract (TSSC), CSC has the ability to set terms and conditions of employment only for its employees. It is responsible for tasking, activity, and status reporting of all its subcontractors.

15. As Lead Contractor on TSSC, CSC was responsible for billing subcontractors. If any employees required training to perform particular jobs, CSC would bill the U. S. Department of Transportation (DOT).

1

20. CSC inflated Plaintiff's annual salary increases, which amounted to roughly 6.4% over the five years of her employment with CSC. Plaintiff also notes that CSC terminated her employment before she could earn the highest increase of $3,000.00 between 2001 and 2002.

### The Relocation to 5 Cambridge Center

21. CSC said the reason for the move was due to a space issue; however, only the Plaintiff would be moving. Plaintiff shared an office with a Computer Scientist, who remained in the office alone for at least six months after Plaintiff was terminated.

30. February 7, 2002 John Butler and Patti Skiles informed Plaintiff that she was being terminated and began conducting an exit interview. They gave Plaintiff a package of documents and immediately asked Plaintiff to surrender materials. Ms. Skiles told Plaintiff what the documents said while Mr. Butler checked off items as he collected them from Plaintiff, who had no opportunity to thoroughly read the letter or to move.

31. Mr. Butler and Ms. Skiles altered the TSSC Exit Clearance Form to indicate a resignation.

32. Mary Costello had three offices; one in the Volpe Center, one at Five Cambridge Center, and one on Third Street in Cambridge, MA. Plaintiff knew that Jim Green was remaining at the Volpe Center but did not know that he was a "retire casual," nor was Plaintiff aware of that benefit. Plaintiff did not know Arthur Rubin and had never heard or seen the name.

33. Ms. Costello told Plaintiff that Rosanna Masiarelli worked in the documentation group as a technical writer. Mr. Butler told Plaintiff that Ms. Masiraelli was a documentation clerk. Plaintiff had no contact with Ms. Masiraelli.

## Plaintiff's Charge of Discrimination

38.     Plaintiff's charges of discrimination with the Massachusetts Commission Against Discrimination (MCAD) and Equal Employment Opportunity Commission (EEOC) are not equally the same as this civil complaint. Therefore, the defendants do not have to be named the same as long as the allegations are true and attested. While the MCAD/EEOC case was dismissed and used as a basis for this claim, this complaint is a continuation of that case. This one was brought about primarily because of Plaintiff's wrongful termination and defamation of character.

39.     The last action CSC took to defend the charge of discrimination was the Plaintiff's termination letter. Plaintiff noticed that a copy of the February 7, 2002 CSC letter went to MCAD.

40.     In April 2001, Plaintiff was unsure who else employed by CSC was working as a technical writer, or from where else those people may be working. Plaintiff worked with the entire ETMS team to develop quality documentation.

Respectfully Submitted,

*Ruth Anthony*

Ruth Anthony, Pro Se
60 Edgewood Street, Roxbury, MA 02119
617-445-5889

## **CERTIFICATE OF SERVICE**

This is to certify that on May 20, 2005, a copy of the foregoing document was delivered by first-class mail to Attorney Joan Ackerstein, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

*Ruth Anthony*

Ruth Anthony
60 Edgewood Street
Roxbury, MA 02119
617-445-5889