# Exhibit A

Case 1:03-cv-12423-RWZ    Document 39-2    Filed 06/09/2005    Page 1 of 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUTH ANTHONY,<br><br>        Plaintiff,<br><br>v.<br><br>RALPH BUSBY, JOHN BUTLER, MARV TODD, JACQUELINE NEWSTADT, PATTI SKILES, and COMPUTER SCIENCES CORPORATION,<br><br>        Defendants. | Civil Action No. 03-cv-12423-RWZ<br><br>**PROPOSED REPLY MEMORANDUM** |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS**

Defendants, Computer Sciences Corporation ("CSC"), Ralph Busby, John Butler, Marvin Todd, and Patricia Skiles ("Defendants"), moved for summary judgment on all counts of Plaintiff's Complaint on March 30, 2005. On May 20, 2005, Plaintiff served five documents in response to Defendants' motion for summary judgment including: (1) Memorandum Resisting Defendants' Motion for Summary Judgment on All Counts; (2) Plaintiff's Supplemental Opposition to Defendants' Motion for Summary Judgment; (3) Plaintiff's Response to Statement of Material Facts; (4) Statement of Facts in Dispute and Additional Facts; and (5) Appendix. Despite her opposition to summary judgment, Plaintiff admits most material facts and where she disagrees, she offers no evidence to substantiate her disagreement. Accordingly, Defendants submit this Reply Memorandum to aid the Court in its assessment of the summary judgment motion.

**I.      Plaintiff Admits Many Material Facts**

The fact is that Plaintiff admits many of the facts included in Defendants' Rule 56.1 Statement of Material Facts Not In Dispute. Significantly, Plaintiff admits that she did not want

to make the move to 5 Cambridge Center (SOF ¶ 27; Pl.'s Resp. to Statement of Material Facts ¶ 27); that Jacqueline Newstadt, CSC's Employee Relations Manager, spoke with her about the impending move and Ms. Newstadt advised that if Plaintiff did not move, CSC would consider Plaintiff to have abandoned her job (SOF ¶ 28; Pl.'s Resp. to Statement of Material Facts ¶ 28); that she sent an email to Jacqueline Newstadt in which she repeated that she did not want to move and knew that CSC would consider it job abandonment if she did not move (SOF ¶ 29; Pl.'s Resp. to Statement of Material Facts ¶ 29); that she did not advise anyone at CSC that she was interested in a position subsequent to her separation from CSC (SOF ¶ 36; Pl.'s Resp. to Statement of Material Facts ¶ 36); and that she failed to name any of the individual defendants as respondents in her charge of discrimination filed with the Massachusetts Commission Against Discrimination (SOF ¶ 38; Statement of Facts in Dispute and Additional Facts ¶ 38).

## II. Where Plaintiff Disagrees With Facts, She Offers No Supporting Evidence

Moreover, although Plaintiff states that she disagrees with some of Defendants' statements of fact, she offers no support for her disagreement. For example, although Plaintiff states that she "disagrees" with Defendants' statement that the "reason for the move was that CSC was running out of space at 55 Broadway . . . and considered moving the technical writers in the Documentation Group," she fails to state the basis for her disagreement or show any reason why the Court should not deem the reason for the move as a true statement. (See SOF ¶22; Pl.'s Resp. to Statement of Material Facts ¶ 22) Likewise, Plaintiff fails to provide any evidentiary support for her claim that CSC controlled the salaries of the subcontractors' employees and that Ms. Costello, a co-worker, had three offices. (See Statement of Facts in Dispute and Additional Facts ¶¶ 14, 32) Plaintiff's unsupported claim that CSC billed the U.S. Department of Transportation for training required by "employees" does not rebut the fact that CSC was not

involved in the subcontractors' decisions to provide training or promotions to their employees. (See SOF ¶15; Statement of Facts in Dispute and Additional Facts ¶15)

Plaintiff's admissions regarding Defendants' statement of facts and her failure to properly support her disputed factual allegations are insufficient to defeat Defendants' motion for summary judgment. Accordingly, the Court should grant Defendants' motion for summary judgment.

### III. Plaintiff's Factual Allegations Are Unsupported By Admissible Evidence And Do Not Comply With The Applicable Court Rules

Not only does Plaintiff admit many of the material facts at issue, but she has presented no admissible evidence to support her own factual assertions. Plaintiff makes her own assertions of fact in her Statement of Facts In Dispute and Additional Facts, but does not cite to any evidence in support of her assertions. Instead of supporting her factual allegations with evidence, such as affidavits, depositions, or admissible documentation, Plaintiff has merely repeated the allegations contained in her Complaint. Accordingly, the documents filed by Plaintiff in opposition to Defendants' motion for summary judgment fail to comply with Fed. R. Civ. P. 56(e) and Local Rule 56.1 and the Court should deem admitted the facts in Defendants' Rule 56.1 Statement of Material Facts Not In Dispute.

Parties opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading," in their opposition to summary judgment. Fed. R. Civ. P. 56(e). Rule 56(e) requires parties opposing summary judgment to assert "specific facts showing that there is a genuine issue for trial" supported by affidavits, depositions, and other documentation. To "resist summary judgment successfully, a nonmovant must present 'definite, competent evidence' on issues for which she bears the ultimate burden of proof." McKenzie v. Potter, 2004 U.S. Dist. LEXIS 17356 at *6 (D. Mass. August 20, 2004) (quoting Mesnick v. Gen. Elec. Co.

3

950 F.2d 816, 822 (1st Cir. 1991)) (granting summary judgment for employer when pro se plaintiff failed to comply with Local Rule 56.1).

Further, Local Rule 56.1 explicitly requires that parties opposing summary judgment file a statement of contested material facts with evidentiary support. Specifically, Local Rule 56.1 provides that a party opposing summary judgment must file "a concise statement of material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions, and other documentation."

A non-moving party's failure to provide support for factual allegations may result in summary judgment being granted for the moving party. Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. ***If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.***

(emphasis added). Moreover, a non-moving party's failure to comply with Local Rule 56.1 "is grounds to deem admitted the facts in [the movant's] 56.1 statement of facts." McKenzie, 2004 U.S. Dist. 17356 at *2.

The fact is that Plaintiff's documents filed in opposition to Defendants' motion for summary judgment do not comply with Fed. R. Civ. P. 56(e) or Local Rule 56.1. Plaintiff has not cited to affidavits, depositions, or any other admissible documentation to support her factual allegations. Further, the documents submitted by Plaintiff as exhibits to her briefs do not comply with Rule 56(e). See McKenzie, 2004 U.S. Dist. LEXIS 17356 at *6 (noting that the only substantive evidence offered by the pro se plaintiff in support of her claims, other than conclusory allegations in her briefs, were exhibits accompanying her memorandum, which did not comply with Rule 56(e)). As the McKenzie Court recently instructed, "a plaintiff in an

4

employment discrimination case must demonstrate the ability to establish by a preponderance of the evidence (and not merely claim) a 'prima facie' case of unlawful discrimination." 2004 U.S. Dist. LEXIS 17356 at *17. Accordingly, it is not enough that Plaintiff has asserted, without a showing of evidentiary support, that Defendants discriminated and retaliated against her. Further, as noted above, Plaintiff's claims that CSC had the ability to set salaries for employees of subcontractors and that Mary Costello maintained offices in three locations are not enough to defeat summary judgment as they are merely bald allegations unsupported by affidavits, depositions, or other documentation.

When a party opposing summary judgment fails to comply with Rule 56(e), summary judgment shall be entered against the non-compliant party, if appropriate. Fed. R. Civ. P. 56(e); see Dimmitt v. Ockenfels, 407 F.3d 21 (1st Cir. 2005) (upholding district court's grant of summary judgment for defendants which was based in part on the allowance of defendants' motion to strike plaintiff's statement of facts for failure to comply with local rules); Cash Energy, Inc. v. Weiner, 1996 U.S. App. LEXIS 5820 at *2-3 (1st Cir. March 29, 1996) (upholding summary judgment for defendant when plaintiff failed to comply with Local Rule 56.1 and court deemed moving party's statement of facts to be admitted by plaintiff); McKenzie, 2004 U.S. Dist. LEXIS 17356.

Here, Plaintiff has failed to comply with Rule 56(e) and Local Rule 56.1 in responding to Defendants' properly supported statement of facts and motion for summary judgment. Accordingly, Plaintiff has not shown that there is a genuine issue as to any material fact and, thus, the Court should grant summary judgment for Defendants.

## Conclusion

For the foregoing reasons and the reasons set forth in Defendants' Memorandum In Support of Their Motion for Summary Judgment on All Counts, Defendants request that the Court grant their motion for summary judgment.

Respectfully submitted,

COMPUTER SCIENCES CORPORATION, RALPH BUSBY, JOHN BUTLER, MARVIN TODD, and PATRICIA SKILES

By their attorneys,

Dated: June 9, 2005

_____
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

## CERTIFICATE OF SERVICE

This is to certify that on June 9, 2005, a copy of the foregoing document was served upon Plaintiff, Ruth Anthony, 60 Edgewood Street, Roxbury, MA, 02119 by first class mail, postage prepaid.

_____
Jackson Lewis LLP